## FARNSWORTH ET AL. *v.* HOLDERMAN.

PLEADINGS UNDER THE CODE.—Pleadings under the code should be liberally construed with a view to substantial justice between the parties. A complaint is sufficient which contains, in ordinary and concise language, allegations of such constitutive facts as will entitle the plaintiff to prove and maintain his case, and give the defendant opportunity to meet and controvert the alleged facts relied upon by the plaintiff.

PLEADING—CONTRACT— PERFORMANCE — ACCEPTANCE —WAIVER.—A complaint which pleads an executory contract for the sale and delivery of "about nineteen hundred head of cattle, more or less, as plaintiffs were able to deliver," coupled with an allegation setting up a delivery to and acceptance by the defendants of "about seventeen hundred and forty-four in full for the number to be by plaintiffs delivered under the contract or agreement," and the promise to pay for the same, is supported by evidence of a contract by the terms of which plaintiffs sold and were to deliver about nineteen hundred head of American cattle of certain specified kinds and classes, to be paid for by the defendants at a price per head as classed, and of the defendants' acceptance of the smaller number, together with a promise to pay therefor; and this, even though the smaller number so delivered contained classes not mentioned or described in the contract, or pleaded in the complaint, and the acceptance of which, together with the prices agreed to be paid for the same, were arranged for at the time of the delivery under the contract.

THE JUDGMENT OF THE TRIAL COURT WILL NOT BE REVERSED BECAUSE ONE OF ITS FINDINGS OF FACT IS AGAINST EVIDENCE, where the finding is immaterial, and has resulted in no injury to the party against whom the fact is found.

APPEAL from the third district court. The opinion states the facts.

*Sutherland & McBride,* for the appellants

*Boreman & Denny,* for the respondents.

TWISS, J.:

The plaintiffs in their complaint allege that on or about the seventh day of August, 1882, they entered into an engagement with the defendants, whereby they were to deliver to the defendants about one thousand nine hundred head of cattle, more or less, as they might be able to deliver them; the cattle at the time being upon the range. That plaintiffs have fully complied with said agreement.

That on and prior to the twenty-second day of September, 1882, the plaintiffs delivered and the defendants received all

the cattle agreed by them to be delivered, amounting in all to about one thousand seven hundred and forty-four head, which were received by the defendants in full for the number to be by plaintiffs delivered under the contract or agreement; and that the defendants on the day last above named agreed to pay the plaintiffs for the cattle so delivered the sum of thirty-two thousand four hundred and fifteen dollars; that the defendants have paid in payment, or part payment thereof, thirty thousand one hundred dollars, and no more; that the defendants now owe the plaintiffs a balance of two thousand three hundred and fifteen dollars for cattle so delivered.

For a further cause of action the plaintiffs allege an account stated between the plaintiffs and defendants, with a balance due thereon to the plaintiffs of two thousand three hundred and fifteen dollars, which the defendants promised to pay to the plaintiffs, and that no part thereof has been paid.

The defendants, answering, deny specially each and every allegation contained in the complaint pertaining to the sale or delivery of the cattle and payment thereof. And by way of counter-claim, allege that on the seventh day of August, 1882, an agreement in writing between the plaintiffs and the defendants was made for the sale and delivery by the plaintiffs to the defendants of cattle of different classes, at different prices, and that the defendants have performed all the conditions in said contract on their part to be performed. The contract is as follows:

"This agreement, made this seventh day of August, 1882, between Murdock & Farnsworth of Beaver City, Utah, parties of the first part, and Hulderman & Whitney of Salt Lake City, parties of the second part, witnesseth: That the first parties, in consideration of the promises hereinafter contained by the second parties, hereby sell and agree to deliver to said second parties, at Cochran's ranch, on Yellow creek, near Evanston, Wyoming Territory, some time about the tenth or fifteenth day of September, about nineteen hundred head of American cattle, free from dwarfs, cripples, or diseased animals, to class in numbers, kinds, and ages, as near as can now be estimated, as follows, to wit: Four hundred and twenty-five steers two years old, two hundred steers one year old, one hundred and twenty-five heifers one year old, four hundred

cows with their calves, and six hundred dry cows and two-year-old heifers.   Said first parties further agree to at once proceed to gather said cattle, and get them started on the trail at the earliest day possible, that there may be no delay in their delivery as aforesaid, and drive the cattle slow and careful as the country driven over will permit to the place mentioned for delivery, said cattle being branded 'V' on the left side.   The second parties, in consideration of the foregoing agreement by the said first parties, hereby promise and agree to pay the first parties the following prices for said cattle when delivered, to wit: For steers three to five years old, twenty-eight and one half dollars each; for two-year-old steers, twenty dollars each; for one-year-old steers, fourteen dollars each; for cows with calves, twenty-five dollars each; no cow to be delivered or received that is over eight years old.   The said second parties hereby advance, as part payment on said cattle, the sum of five thousand dollars, the receipt of which is hereby acknowledged by said first parties, and agree to pay the balance in full, as above stated, upon the delivery of the cattle aforesaid by the first parties.

"Witness our hands this seventh day of August, A. D. 1882.

"MURDOCK & FARNSWORTH.
"HULDERMAN & WHITNEY."

The case was by the court referred to E. T. Sprague, Esq., to hear the evidence and report his findings of fact and conclusions of law, who reported and certified to the court the following

FINDINGS OF FACT.

1. The plaintiffs and defendants at Salt Lake City, Utah, on the seventh day of August, 1882, made with each other an agreement in writing, of which the following is a copy (copy inserted, being the same set out in the defendants' answer, by way of counter-claim).

2. Said agreement was made under the following among other circumstances, to wit: Plaintiffs then owned a herd of cattle of the classes mentioned in the agreement, and numbering about two thousand three hundred, scattered upon a range of forty or fifty miles extent in Beaver and Millard counties, Utah.   In or near said range, at that season of the year,

places where both water and feed for cattle in large numbers could be had were scarce, and the difficulties of gathering said cattle were increased. Speed in delivery was important to the parties contracting.

3. On and before September 22, 1882, without objection as to the time or place of delivery, plaintiffs delivered to defendants, and defendants accepted, under said agreement, cattle of the classes, numbers, and prices following, to wit:

| | |
|---|---:|
| 268 head of steers, 3 to 5 years old, at $28.50 each.. | $7,638 |
| 23 head of bulls and stags, at $17 each.......... | 391 |
| 191 head of steers, 2 years old, at $20 each........ | 3,820 |
| 359 head of yearling heifers and steers, at $14 each.. | 5,026 |
| 563 head of dry cows, at $20 each................ | 11,260 |
| 12 cows, at $15 each......................... | 180 |
| 164 head of cows with calves, at $25 each......... | 4,100 |
| Total.................................... | $32,415 |
| On which defendants paid in all............... | 30,100 |
| Balance unpaid .......................... | $2,315 |

No other cattle have been delivered or payments made under said agreement.

4. While the plaintiffs with the cattle in the last finding referred to were in San Pete county, about sixty miles from the aforesaid range, *en route* for Evanston, Wyoming, they delivered to defendants, at defendants' request, about one thousand head of said cattle, and informed defendants that the whole number of cattle *en route*, including those then delivered, was less than the number mentioned in said agreement, and offered, if defendants then required it, at once to return and bring up more cattle. Thereupon defendant Whitney expressed himself satisfied as to the number of cattle, and the efforts made by plaintiffs in gathering them, and did not require more to be brought up.

5. On September 22, 1882, at an attempted settlement by said parties, the delivery as aforesaid having been completed the previous day, defendants first objected to paying full contract prices for the cattle delivered, and then first made a counter-claim for damages on account of deficiency in number

of cattle delivered.    There has never been an account stated
between the parties covering the matters in issue.

6. At the time and place of delivery the market values of
the cattle described in said agreement exceeded the prices
therein fixed to be paid by the defendants as follows: On
steers three to five years old, on steers two years old, and on
dry cows, such excess of market value over contract price was
ten dollars per head, and on cows with calves was fifteen dol-
lars per head.    If defendants at such time and place of deliv-
ery were entitled to the delivery of the full number, as speci-
fied by said classes in said agreement, they have a valid
counter-claim of five thousand dollars, and interest at ten per
cent per annum from September 22, 1882.

7. Said agreement was substantially performed on the part
of the plaintiffs.

### CONCLUSIONS OF LAW.

Plaintiffs are entitled to recover of and from defendants
the sum of two thousand three hundred and fifteen dollars,
and interest thereon at ten per cent per annum from Septem-
ber 22, 1882, to the entry of judgment, and costs of suit, and
to judgment therefor.

E. T. SPRAGUE, Referee.

The district court, upon the motion of the attorneys for the
plaintiffs, adopted the findings of the referee, and confirmed
his report, and rendered judgment accordingly for the plaint-
iffs; from which judgment the defendants appeal to this
court.

Upon the trial before the referee the plaintiffs, to prove the
issues on their part, offered in evidence the written contract
set forth in the referee's findings of fact, bearing date August
7, 1882, the due execution of which was admitted by said de-
fendants, but to the introduction of which in evidence the
defendants objected, on the grounds that it was materially
various from the contract alleged in the complaint, as follows:

1. That the contract made is a mutual contract, and that
alleged is unilateral.

2. The contract made is absolute for sale and delivery of
about one thousand nine hundred head of cattle, and the con-
tract alleged is contingent as to the number of cattle, depend-

ing on the ability of the plaintiffs to make delivery on account of the cattle being upon the range.

3. The contract made contains the defendants' promise to pay certain specified prices for said cattle in classes, and the promise alleged is a promise made in view of an alleged delivery of one thousend seven hundred and forty-four cattle to pay thirty-two thousand four hundred and fifteen dollars therefor."

The objection of the defendant was overruled, and the contract read in evidence, to which the defendants excepted.

The plaintiffs offered evidence tending to show that while the plaintiffs were moving the herd of cattle which was delivered by said plaintiffs to said defendants, and while the same was about fifty miles from where it was gathered on the range towards the place mentioned in the contract as the place of delivery, defendant Whitney was informed that the plaintiffs had not the number required by the contract, and he in behalf of the defendants waived objection to the number, and then and there dispensed with the delivery of the remainder required by said contract.

After the receipt of said testimony said defendants moved the referee to strike out the same, on the ground that said evidence was irrelevant; that there was no allegation that any part of the contract had been dispensed with, but an allegation of full performance; said motion was objected to by plaintiffs and denied by said referee, to which decision and ruling the defendants excepted.

The plaintiffs offered as a witness John C. Murdock, one of the plaintiffs, who, being duly sworn, testifies that, at the time of the final delivery of the cattle near Evanston, "we rounded the cattle up, took them to the corral, and classed them, and Whitney received them. Seventeen head of stags we cut out and agreed upon a price, and he took them." Whereupon the defendants moved to strike out this testimony relating to the stags, because not covered by any allegation in the complaint. As the complaint is based solely upon a contract made on the seventh day of August, and the written contract then made did not include stags, and these were, by this testimony, delivered under a new agreement, said motion was resisted by the plaintiffs, and overruled and denied

by said referee, to which ruling and decision of said referee said defendants then and there excepted.

The first question for consideration in the order presented by the appellants is, Did the referee err in permitting the written contract to be read in evidence ? In determining this question, we must recur to the pleadings, the statutes pertaining thereto, and to the contract.

The contract offered and read in evidence by the plaintiff was meagerly set forth in the complaint; and it is quite clear that under the common-law rules of pleading it could not properly have been admitted in evidence, as under that system justice between the parties was often secondary to a strictly technical adherence to the doctrine that "the proofs must correspond with the allegations." But recent statutes have displaced this system of technicalities, and introduced more equitable rules requiring the allegations of pleadings to be liberally construed, with a view to substantial justice between the parties. It is sufficient if the complaint contain, in ordinary and concise language and reasonable certainty, allegations of such constitutive facts as will entitle the plaintiff to prove and maintain his case, and give the defendant opportunity to meet and controvert the alleged facts relied upon by the plaintiff.

To ignore the express commands of these statutes, by an adherence to the system which they were intended to abrogate would be a wanton neglect of a plain rule of law and duty.

The allegations of the complaint setting forth an executory contract for the sale and delivery of "about nineteen hundred head of cattle, more or less, as plaintiffs were able to deliver, said cattle then being upon the range;" coupled with an allegation setting up an acceptance by the defendants of "about seventeen hundred and forty-four," in full for the number to be by plaintiffs delivered under the contract or agreement, and the promise to pay for the same, and a failure to pay as promised—constitute the *gravamen* of the action.

The promise on the part of the defendants, as set forth in the complaint, is not the promise contained is the contract: one is a promise to pay for classified cattle, to be delivered by the plaintiffs, under and in compliance with the terms of the

contract, at prices specified per class; the other is a promise to pay a certain or stated sum for the cattle actually delivered, accompanied with an allegation of an agreement that the same were received in full for all cattle called for by the contract, although a smaller number; which alleged agreement, if not a modification of the original contract, was a waiver of the right to the full number therein named; and therefore the allegations of the complaint are in part necessarily dissimilar to the terms of the contract; as they set up the receipt of and a promise to pay for a different and smaller number than is named in the contract, which was an agreement between the plaintiffs and the defendants, of the date alleged in the complaint, for the sale and delivery of about nineteen hundred head of cattle, in classes and for prices therein stated; and does not tend to prove the entire scope and meaning of all the allegations of the complaint; but to the extent that it tends to prove any of them, it is material and was properly admitted in evidence, although it contained provisions not material to the issue. That would not be a variance unless it operated as a surprise, or misled the defendants to their detriment, and this was hardly possible, as they set up and pleaded the contract themselves.

The allegation in the complaint, that the defendants received and the plaintiffs delivered to the defendants all of the said cattle agreed by them to be delivered, is not an allegation setting forth any part of, or is it descriptive of, the contract, but rather pertains to the fulfillment or execution of the contract; and the acceptance of Whitney, one of the defendant partners, of the cattle at the time collected, and the evidence tending to show a release by him of the plaintiffs from the delivery of any more than was already collected, accompanied with the promise to pay for those collected, was testimony from which might well be found a waiver of the right of a further performance of the contract, and the delivery to the defendants of more cattle than was then collected, and that all deficiencies were then waived: *Peck* v. *United States*, 102 U. S. 64; *West* v. *Platt*, 127 Mass. 367.

The fact that some of the cattle delivered were bulls and stags makes no difference with the merits; as the defendants accepted and promised to pay for them, they were properly

included in the number alleged by the plaintiffs to have been delivered and accepted; and whether the plaintiff stated in the complaint that some of them were cattle of this description, or not, is immaterial, as the defendants were manifestly not misled or surprised by the omission of such allegation.

The claim that "the referee erred in finding as a fact that the said contract was substantially performed on the part of the plaintiffs" is immaterial, and even if not supported by the facts of the case, is not error to the injury of the defendants: *Kisling* v. *Shaw*, 33 Cal. 425–446.

The judgment of the district court is affirmed.

HUNTER, C. J., and EMERSON, J., concurred.