## UNITED STATES v. PECK.

## PECK v. UNITED STATES.

1. Parol evidence of the surrounding circumstances is admissible to show the subject-matter of a contract.
2. The conduct of one party to a contract which prevents the other from performing his part is an excuse for non-performance.

APPEALS from the Court of Claims.

Peck, the claimant, entered into a contract with the proper military officer to furnish and deliver a certain quantity of wood and hay to the military station at Tongue River, in the Yellowstone region, on or before a specified day. He furnished the wood, but failed to furnish the hay, which was furnished by other parties at an increased expense. The accounting officers of the government claimed the right to deduct from the claimant's wood account the increased cost of the hay. Whether this could lawfully be done was the principal question in the cause.

The court, upon an examination of the contract and of the surrounding circumstances of the case, were of opinion that the contracting parties, in stipulating relating to hay, contemplated hay to be cut in the Yellowstone valley, and specially at the Big Meadows near the mouth of Tongue River, — which was, indeed, the only hay which the claimant could have procured within hundreds of miles, and which it was known he relied on. The government officers, fearing that the claimant would not be able to carry out his contract, and it being absolutely necessary that the hay should be had, allowed other parties to cut the hay at Big Meadows, and therewith to supply the Tongue River station. The claimant complained of the double injury : first, of giving the hay which he relied on to other parties ; and, secondly, of charging him for the increased expense of getting it. The question was whether the surrounding circumstances could be taken into consideration in the claimant's excuse, although the contract made no mention of the source from which he was to procure the hay to be supplied by him to the government.

*Mr. Assistant Attorney-General Smith* for the United States.
*Mr. John B. Sanborn, contra.*

Mr. Justice Bradley, after stating the case, delivered the opinion of the court.

We think that the facts of the case clearly bring it within the rules allowing the introduction of parol evidence: first, for the purpose of showing, by the surrounding circumstances, the subject-matter of the contract, namely, hay to be cut and gathered in the region where it was to be delivered; secondly, for the purpose of showing the conduct of the agents of the defendants by which the claimant was encouraged and led on to rely on a particular means of fulfilling his contract until it was too late to perform it in any other way; and then was prevented by these agents themselves from employing those means. The supply of hay which he depended on, and which under the circumstances he had a right to depend on, was taken away by the defendants themselves. In other words, the defendants prevented and hindered the claimant from performing his part of the contract.

That the subject-matter of a contract may be shown by parol evidence of the surrounding circumstances, see *Bradley* v. *Washington, Alexandria, & Georgetown Steam Packet Co.,* 13 Pet. 89; *Thorington* v. *Smith,* 8 Wall. 1; *Maryland* v. *Railroad Company,* 22 id. 105; *Reed* v. *Insurance Company,* 95 U. S. 23; 1 Greenl. Evid., sect. 277; Taylor, Evid., sect. 1082. And that the conduct of one party to a contract which prevents the other from performing his part is an excuse for non-performance, see Addison, Contracts, sect. 326; *Fleming* v. *Gilbert,* 3 Johns. (N. Y.) 527. In the case last cited, the defendant was sued on a bond obliging him by a certain time to procure and cancel a mortgage of the plaintiff and deliver the same to him. The defendant was allowed to prove by parol that he procured the mortgage, and, having inquired of the plaintiff what he should do with it, was directed to place it in the hands of a third person. This was held to be an excuse for not having fully performed the condition. Judge Thompson said: " It is a sound principle that he who prevents a thing being done shall not avail himself of the non-performance he has occa-

sioned. Had not the plaintiff dispensed with a further com-
pliance with the condition of the bond, it is probable that the
defendant would have taken measures to ascertain what steps
were requisite to get the mortgage discharged of record, and
would have literally complied with the condition of the bond."
So when A. gave to B. a bond to convey certain premises, but
they subsequently agreed by parol to rescind the contract, and
A. thereupon sold the premises to a third person, it was held
that though the bond was not cancelled or given up, nor any of
the papers changed, yet by the parol agreement and the acts
of the parties under it the bond was discharged. *Dearborn* v.
*Cross*, 7 Cow. (N. Y.) 48; and see 2 Cowen & Hill's Notes to
Phillips on Evid., 605. The principle involved in these cases
is applicable to the present.

*Judgment affirmed.*

NOTE. — The other points involved in the foregoing case were of minor
importance, and, at the suggestion' of the justice who delivered the opinion, are
omitted.