Imperator Realty Company, Inc., Respondent, *v.* Samuel
P. Tull, Appellant.

First Department, November 9, 1917.

**Evidence — action for non-performance of contract to exchange
real estate — pleading — allegation of full performance — admissibility of evidence as to parol agreement constituting waiver of
condition of contract.**

Where in an action at law for damages for the non-performance by defendant
of a contract in writing and under seal for the exchange of real estate,
the plaintiff alleges full performance by it of all the conditions of said
agreement, but it appears that it has failed to comply with one condition
of the contract, evidence as to a parol agreement constituting a waiver
of said condition is inadmissible, where it is not pleaded either as a
waiver of said condition of the written contract or as a new contract
modifying the written one.

Where a plaintiff has pleaded full performance of a contract, he cannot
satisfy that allegation by proving an unpleaded waiver.

Appeal by the defendant, Samuel P. Tull, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of New York on the 27th day
of December, 1916, upon the verdict of a jury.

*Sidney Lowenthal,* for the appellant.

*Albert I. Sire,* for the respondent.

Scott, J.:

The action is one at law for damages for the non-performance
by defendant of a contract for the exchange of real estate.
The contract is in writing and under seal, and the complaint
alleges full performance by the plaintiff of all the conditions
of said agreement on its part to be performed, except the
actual delivery of the deed which it seeks to excuse by stating
that defendant refused to attend at the time and place fixed
for the exchange of deeds. Among the conditions of the
contract was the following: " All notes or notices of violations
of law or municipal ordinances, orders or requirements noted in
or issued by any department of the City of New York against
or affecting the premises at the date hereof, shall be complied

with by the seller and the premises shall be conveyed free of the same. The seller shall furnish the purchaser with an authorization to make the necessary searches therefor."

One of the conceded facts in the case is that at the time fixed for effecting the exchange there were outstanding certain violations against plaintiff's property, of the nature above referred to and which would cost an appreciable amount of money, time and trouble to remove or comply with. Here was at least one condition of the contract with which plaintiff had not complied. Consequently its allegation of full performance was not satisfied.

To meet this objection plaintiff's president undertook to prove an oral agreement between himself and defendant, made after the execution of the written contract, but while the parties and lawyers who had been concerned in the matter were still in the room, to the effect that, if there should be violations against plaintiff's property at the time of closing, the condition respecting that might be complied with by depositing a sum of money. The defendant denies that any such agreement was made, and no one who was in the room at the time is able to corroborate plaintiff's president. If the case turned on that question we should say that the verdict of the jury to the effect that such an agreement was made, is without sufficient evidence to support it. We think, however, that the judgment is wrong as matter of law.

The alleged oral agreement is not pleaded either as a waiver of one of the conditions of the written contract, or a new contract modifying the written one, and it is not quite clear upon what theory evidence of it (such as it was) was received. Upon any theory it was inadmissible and plaintiff can take nothing under it.

It was not admissible because plaintiff had pleaded full performance and could not satisfy that allegation by proving an unpleaded waiver. The authorities are numerous and unanimous on this question.

It was not admissible as a new agreement modifying the written agreement, because the original contract was under seal and the alleged modifying agreement was oral and unexecuted. (*Coe* v. *Hobby*, 72 N. Y. 141; *McKenzie* v. *Harrison*, 120 id. 260.) Our attention is called to other

errors which it is unnecessary to consider because those already mentioned are fundamental and are fatal not only to the judgment appealed from, but also to the plaintiff's cause of action.

The judgment appealed from is reversed and the complaint dismissed, with costs to appellant in this court and the court below.

LAUGHLIN, SMITH, PAGE and DAVIS, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.