IMPERATOR REALTY COMPANY, INC., Appellant, *v.* SAMUEL P. TULL, Respondent.

Real property — contract — breach of contract for exchange of real property — modification of contract by parol — when party cannot take advantage of an omission caused by his consent to such oral agreement.

The parties to this action entered into a written contract under seal for the exchange of pieces of real property in the city of New York. On the day fixed therein for carrying out the contract and making the conveyances the defendant deliberately defaulted. The action was brought to recover damages alleged to have been sustained by the plaintiff. One of the provisions of the contract is: "All notes or notices of violations of law or municipal ordinances, orders, or requirements noted in or issued by any department of the city of New York against or affecting the premises at the date hereof, shall be complied with by the seller and the premises shall be conveyed free of the same." After the making of the contract and on the same date, it was agreed by parol between the parties to the contract

that either party in place of satisfying any of the so-called violations that might be filed against the pieces of real property therein mentioned, of which there were several, might deposit with an insurance company a sufficient amount of cash to pay and discharge the same. There is evidence to show that the plaintiff was able and willing on the day and at the time and place for closing the contract to carry out the same, as required by the oral agreement, that is, except as to such violations, and that he was able and willing to deposit a sufficient amount of cash to comply with and free the property from the violations as required by such oral agreement between the parties. *Held*, that parol evidence of the waiver was competent, and whether the conversation occurred and the agreement was entered into by the parties as claimed was a question of fact for the jury; that defendant may not summarily rescind because of the breach which he encouraged. He may not be allowed to take advantage of an omission induced by his unrevoked consent. When he stayed away from the closing and acted upon an election to treat the contract as rescinded, he put himself in the wrong.

*Imperator Realty Co.* v. *Tull*, 179 App. Div. 761, reversed.

(Argued January 28, 1920;  decided April 13, 1920.)

APPEAL from a judgment, entered November 24, 1917, upon an order of the Appellate Division of the Supreme in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Harry E. Herman* and *Arthur O. Ernst* for appellant. A modification of a detail of performance of a contract by arrangement subsequently and for valuable consideration made between the parties, does not constitute a waiver of any of the provisions of the contract. (*Penn. Steel Co.* v. *Title G. & T. Co.*, 193 N. Y. 37; *Schoonmaker* v. *Hoyt*, 148 N. Y. 425.)  The parol evidence rule is a rule which should not be invoked as a shield for fraud or be applied so as to work injustice. (17 L. R. A. 272; *Best* v. *Stowe*, 2 Sandf. Ch. 298; Pom. Eq. Juris. 324, § 858.)  Every contract implies good faith and fair dealing between the

parties to it. (*Wiegand* v. *Bachmann*, 222 N. Y. 272; *Coff-Garrod Co.* v. *Dodwell*, 170 N. Y. Supp. 615; *General El. Co.* v. *Nat. Cont. Co.*, 178 N. Y. 369; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235.)

*William A. Young* for respondent. A contract under seal cannot be modified by a subsequent oral and unexe- cuted agreement. (*Coe* v. *Hobby*, 72 N. Y. 141; *McKenzie* v. *Harrison*, 120 N. Y. 260; *Stowell* v. *Greenwich*, 163 N. Y. 298; *Lese* v. *Lampricht*, 196 N. Y. 32; *Nightingale* v. *Eagle*, 205 N. Y. 628; *Lossing* v. *Cushman*, 195 N. Y. 390; *Mead* v. *Dunlevie*, 174 N. Y. 108; *Penn. Steel Co.* v. *Title G. & T. Co.*, 193 N. Y. 37.)

CHASE, J. The parties to this action entered into a written contract under seal for the exchange of pieces of real property in the city of New York. On the day fixed therein for carrying out the contract and making the conveyances, the defendant deliberately defaulted. The action was brought to recover damages alleged to have been sustained by the plaintiff.

At the trial the jury determined all of the issues in favor of the plaintiff and rendered a verdict for it. The defendant appealed from the judgment entered upon such verdict and the Appellate Division reversed the judgment and dismissed the complaint. (*Imperator Realty Company, Inc.*, v. *Tull*, 179 App. Div. 761.)

One of the provisions of the contract is "All notes or notices of violations of law or municipal ordinances, orders, or requirements noted in or issued by any depart- ment of the city of New York against or affecting the premises at the date hereof, shall be complied with by the seller and the premises shall be conveyed free of the same."

There were several notices of violations of law or municipal ordinances, orders or requirements noted in

29

or issued by a department of the city of New York against or affecting the premises to be conveyed by the plaintiff at the date of the contract which, although aggregating an amount that is comparatively very small were not satisfied or discharged on the day when the property was to be conveyed. The plaintiff sought to avoid the failure to procure the discharge of such violations by an alleged modification of the contract pursuant to a conversation between the president of the plaintiff and the defendant in which it is claimed that there were reciprocal promises. The president of the plaintiff testified that after the making of the contract and on the same day thereof, it was agreed between the parties to the contract that either party in place of satisfying any of the so-called violations that might be filed against the pieces of real property therein mentioned might deposit with the New York Title Insurance Company a sufficient amount of cash to pay and discharge the same. There is evidence in the record to show that the plaintiff was able and willing on the day and at the time and place for closing the contract to carry out the same as therein provided except that he could not convey the property to be transferred by him free from such violations, and there is also evidence that he was able and willing to deposit a sufficient amount of cash to comply with and free the property from the violations as required by such oral agreement between the parties.

The conversation testified to by the plaintiff's president is denied by the defendant, but in our judgment the question whether the conversation occurred and the agreement was entered into by the parties as claimed by the plaintiff, was a question of fact properly submitted to the jury. The objection that the oral agreement and waiver were not alleged in the complaint was not sufficiently taken by objection at the trial. If it had been so taken at that time the plaintiff would have had an opportunity to apply for an amendment of its complaint.

It is claimed by the defendant that the contract with the plaintiff was in writing under seal and could not be changed as claimed by an oral agsoreement as to be binding upon either party to it. The contract was also within the provisions of section 259 of the Real Property Law (Consolidated Laws, chap. 50), and it was, therefore, necessary that it should be in writing as stated in the statute.

Where a contract is reduced to writing and appears to include the entire agreement of the parties and to be free from fraud, the rule is quite universal that oral evidence will not be received of conversations or transactions leading up to the making of a contract or in connection with the execution thereof for the purpose of varying, modifying, reducing or extending the terms thereof. (*Lese* v. *Lamprecht,* 196 N. Y. 32; *Eighmie* v. *Taylor,* 98 N. Y. 288.)

After the execution of a written contract including one within the statute the parties may, of course, reconsider the subject-matter thereof and decide to modify or rescind it. The oral agreement found in this case was made after the execution of the written contract. It is not the right to make a new and independent contract to modify a prior unperformed written contract that we are considering but the effect, if any, of an oral contract upon a contract under seal or required by the statute to be in writing. We must assume in this case that the oral contract as claimed by the plaintiff, to accept a deposit in cash in place of the payment of outstanding violations, was actually made upon a sufficient consideration. The jury has so found. The oral contract did not purport to be inconsistent with any material part of the written contract, nor to substitute a new oral contract for any material part of the written contract. The plaintiff was simply told in effect to let the violations stand unsatisfied until the due day and then provide for the expense of satisfying the same by a deposit in cash. The extent of the violations was inconsiderable. Both parties were

convenienced by waiving the necessity of having them actually canceled and satisfied before the due day.

In *Thomson* v. *Poor* (147 N. Y. 402, 409), which was an action to recover upon a balance claimed to be due pursuant to a written contract which was within the statute, this court say:

" We know of no principle of law which will permit a party to a contract, who is entitled to demand the performance by the other party of some act within a specified time and who has consented to the postponement of the performance to a time subsequent to that fixed by the contract, and where the other party has acted upon such consent and in reliance thereon has permitted the contract time to pass without performance, to subsequently recall such consent and treat the non-performance within the original time as a breach of the contract. The original contract is not changed by such waiver, but it stands as an answer to the other party who seeks to recover damages for non-performance induced by an unrecalled consent. The party may, in the absence of a valid and binding agreement to extend the time, revoke his consent so far as it has not been acted upon, but it would be most inequitable to hold that a default, justified by the consent, happening during its extension, should furnish a ground of action. It makes no difference, as we conceive, what the character of the original contract may be, whether one within or outside the Statute of Frauds. The rule is well understood that if there is a forbearance at the request of a party, the latter is precluded from insisting upon non-performance at the time originally fixed by the contract as a ground of action. * * * Until he gives notice of withdrawal he has no just right to consider the latter in default, although meanwhile the contract time has elapsed. We think the principle of equitable estoppel applies in such case." The court further say that the principle of estoppel applies equally to sealed and unsealed contracts.

More recently this court in *Arnot* v. *Union Salt Company* (186 N. Y. 501) held that where the time of payment under a contract had been extended by parol and the party required to make the payment had acted upon such extension the party waiving such time of payment cannot consider the debtor in default unless he withdraws the waiver before the time of payment has arrived.

The oral contract in the case before us modified the written contract simply as to the manner of charging the plaintiff with the amount required to satisfy the violations. Such oral contract if carried out in good faith made unnecessary the haste otherwise required to make the slight changes to comply with the notices which constituted the incumbrances or so-called violations.

The defendant by his mutual oral contract with the plaintiff is estopped from now claiming that the plaintiff who relied thereon was in default on the due day of the written contract because of its omission to then have the property free of the violations. He should not be allowed to take advantage of an omission induced by his unrevoked consent. (*Thomson* v. *Poor, supra; Arnot* v. *Union Salt Co., supra; Swain* v. *Seamens,* 76 U. S. [9 Wall.] 254; *Brede* v. *Rosedale Terrace Company,* 216 N. Y. 246.)

Parol evidence of the waiver constituting an estoppel as against the defendant under the circumstances was not error. (*Penn. Steel Co.* v. *Title Guarantee & Trust Co.,* 193 N. Y. 37.) We do not think that the objections made by the defendant to the admission of evidence were upon a consideration of the whole record of sufficient consequence to have materially affected the jury or to require further consideration in this opinion.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

Cardozo, J. (concurring in result). The statute says that a contract for the sale of real property " is void

unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the * * * grantor, or by his lawfully authorized agent" (Real Property Law, sec. 259 [Statute of Frauds]; Consol. Laws, ch. 50). In this instance, each party was a grantor, for the sale was an exchange. I think it is the law that where contracts are subject to the statute, changes are governed by the same requirements of form as original provisions (*Hill* v. *Blake*, 97 N. Y. 216; *Clark* v. *Fey*, 121 N. Y. 470, 476). Abrogated by word of mouth such a contract may be (*Blanchard* v. *Trim*, 38 N. Y. 225), but its obligation may not be varied by spoken words of promise while it continues undissolved (*Swain* v. *Seamens* 9 Wall. 254, 271, 272; *Emerson* v. *Slater*, 22 How. [U. S.] 28, 42; *Goss* v. *Lord Nugent*, 5 B. & Ad. 58; *Harvey* v. *Graham*, 5 Ad. & El. 61; *Hickman* v. *Haynes*, L. R. 10 C. P. 598; *Abell* v. *Munson*, 18 Mich. 306; *Malkan* v. *Hemming*, 82 Conn. 293; *Long* v. *Hartwell*, 34 N. J. L. 116; *Rucker* v. *Harrington*, 52 Mo. App. 481; *Bradley* v. *Harter*, 156 Ind. 499; *Jarman* v. *Westbrook*, 134 Ga. 19; 1 Williston on Contracts, sec. 593). A recent decision of the House of Lords reviews the English precedents, and declares the rule anew (*Morris* v. *Baron & Co.*, 1918, A. C. 1, 19, 20, 31). Oral promises are ineffective to make the contract, or any part of it, in the beginning (*Wright* v. *Weeks*, 25 N. Y. 153; *Marks* v. *Cowdin*, 226 N. Y. 138). Oral promises must also be ineffective to vary it thereafter (*Hill* v. *Blake*, *supra*). Grant and consideration alike must find expression in a writing (Real Prop. Law, sec. 259; Consol. Laws, ch. 50).

Some courts have drawn a distinction between the formation of the contract and the regulation of performance (*Cummings* v. *Arnold*, 3 Metc. 486; *Stearns* v. *Hall*, 9 Cush. 31; *Whittier* v. *Dana*, 10 Allen, 326; *Hastings* v. *Lovejoy*, 140 Mass. 261; Wood on Statute of Frauds, p. 758). The distinction has been rejected in many

jurisdictions (see cases cited *supra;* also L. R. A. 1917 B.
141 note). It has never been accepted by this court,
and the question of its validity has been declared an
open one (*Thomson* v. *Poor,* 147 N. Y. 402, 408, char-
acterizing as dicta the statements in *Blanchard* v. *Trim,*
*supra*). I think we should reject it now. The cases
which maintain it hold that oral promises in such cir-
cumstances constitute an accord, and that an accord,
though executory, constitutes a bar if there is a tender
of performance (*Cummings* v. *Arnold; Whittier* v. *Dana,*
*supra*). There seems little basis for such a distinction
in this state where the rule is settled that an accord is
not a bar unless received in satisfaction (*Reilly* v. *Barrett,*
220 N. Y. 170; *Morehouse* v. *Second Nat. Bank of Oswego,*
98 N. Y. 503, 509; *Ladd* v. *King,* 1 R. I. 224; Pollock
on Contracts [3d Am. ed.], p. 822). But there is another
objection, more fundamental and far reaching. I do not
know where the line of division is to be drawn between
variations of the substance and variations of the method
of fulfilment. I think it is inadequate to say that oral
changes are effective if they are slight, and ineffective if
they are important. Such tests are too vague to supply
a scientific basis of distinction. " Every part of the
contract, in regard to which the parties are stipulating,
must be taken to be material " (Per PARKE, B., *Marshall*
v. *Lynn,* 6 M. & W. 109, 117; 1 Williston on Contracts,
sec. 594). The field is one where the law should hold
fast to fundamental conceptions of contract and of duty,
and follow them with loyalty to logical conclusions.

The problem, thus approached, gains, I think, a new
simplicity. A contract is the sum of its component
terms. Any variation of the parts is a variation of the
whole. The requirement that there shall be a writing
extends to one term as to another. There can, therefore,
be no contractual obligation when the requirement is
not followed. This is not equivalent to saying that what
is ineffective to create an obligation, must be ineffective

to discharge one. Duties imposed by law irrespective of contract may regulate the relations of parties after they have entered into a contract. There may· be procurement or encouragement of a departure from literal performance which will forbid the assertion that the departure was a wrong. That principle will be found the solvent of many cases of apparent hardship. There may be an election which will preclude a forfeiture. There may be an acceptance of substituted performance, or an accord and satisfaction (*McCreery* v. *Day*, 119 N. Y. 1, 9; *Swain* v. *Seamens; Long* v. *Hartwell; Ladd* v. *King, supra*). What there may not be, when the subject-matter is the sale of land, is an executory agreement, partly written and partly oral, to which, by force of the agreement and nothing else, the law will attach the attribute of contractual obligation.

The contract, therefore, stood unchanged. The defendant might have retracted his oral promise an hour after making it, and the plaintiff would have been helpless. He might have retracted a week before the closing, and if a reasonable time remained within which to remove the violations, the plaintiff would still have been helpless. Retraction even at the very hour of the closing might not have been too late if coupled with the offer of an extension which would neutralize the consequences of persuasion and reliance (*Arnot* v. *Union Salt Co.*, 186 N. Y. 501; *Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246). The difficulty with the defendant's position is that he did none of these things. He had notified the plaintiff in substance that there was no need of haste in removing the violations, and that title would be accepted on deposit of adequate security for their removal in the future. He never revoked that notice. He gave no warning of a change of mind. He did not even attend the closing. He abandoned the contract, treated it as at an end, held himself absolved from all liability thereunder, because the plaintiff had acted in reliance on a

consent which, even in the act of abandonment, he made no effort to recall.

I do not think we are driven by any requirement of the Statute of Frauds to. sustain as lawful and effective this precipitate rescission, this attempt by an *ex post facto* revocation, after closing day had come and gone, to put the plaintiff in the wrong. " He who prevents a thing from being done may not avail himself of the non-performance which he has, himself, occasioned, for the law says to him, in effect; ' This is your own act, and, therefore, you are not damnified ' " (*Dolan* v. *Rodgers,* 149 N. Y. 489, 491, quoting *West* v. *Blakeway,* 2 M. & Gr. 751). The principle is fundamental and unquestioned (*U. S.* v. *Peck,* 102 U. S. 64; *Gallagher* v. *Nichols,* 60 N. Y. 438; *Risley* v. *Smith,* 64 N. Y. 576, 582; *Gen. El. Co.* v. *Nat. Contracting Co.,* 178 N. Y. 369, 375; *Mackay* v. *Dick,* 6 App. Cas. 251; *New Zealand Shipping Co.* v. *Societe des Aletiers, etc.,* 1919 A. C. 1, 5). Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver (*Gallagher* v. *Nichols; Gen. El. Co.* v. *Nat. Contr. Co.; Thomson* v. *Poor, supra*). We need not go into the question of the accuracy of the description (Ewart on Estoppel, pp. 15, 70; Ewart on Waiver Distributed, pp. 23, 143, 264). The truth is that we are facing a principle more nearly ultimate than either waiver or estoppel, one with roots in the yet larger principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong (*Riggs* v. *Palmer,* 115 N. Y. 506). The Statute of Frauds was not intended to offer an asylum of escape from that fundamental principle of justice. An apposite precedent is found in *Thomson* v. *Poor* (147 N. Y. 402). In deciding that case, we put aside the question whether a contract within the Statute of Frauds could be changed by spoken words. We held that there was disability, or as we styled it, estoppel, to take advantage of an omission induced by an unrevoked

consent (Cf. *Swain* v. *Seamens, supra,* at p. 274; *Arnot* v. *Union Salt Co.; Brede* v. *Rosedale Terrace Co., supra;* 1 Williston on Contracts, sec. 595). A like principle is recognized even in the English courts, which have gone as far as those of any jurisdiction in the strict enforcement of the statute. They hold in effect that until consent is acted on, either party may change his mind. After it has been acted on, it stands as an excuse for non-performance (*Hickman* v. *Haynes,* L. R. 10 C. P. 598, 605; *Ogle* v. *Lord Vane,* 2 Q. B. 275; 3 id. 272; *Cuff* v. *Penn,* 1 Maule & S. 21; *Morris* v. *Baron & Co.,* 1918 A. C. 1, at p. 31). The defendant by his conduct has brought himself within the ambit of this principle. His words did not create a new bilateral contract. They lacked the written form prescribed by statute. They did not create a unilateral contract. Aside from the same defect in form, they did not purport to offer a promise for an act. They did, however, constitute the continuing expression of a state of mind, a readiness, a desire, persisting until revoked. A seller who agrees to change the wall paper of a room ought not to lose his contract if he fails to make the change through reliance on the statement of the buyer that new paper is unnecessary and that the old is satisfactory. The buyer may change his mind again and revert to his agreement. He may not summarily rescind because of the breach which he encouraged. That is what the defendant tried to do. When he stayed away from the closing and acted upon an election to treat the contract as rescinded, he put himself in the wrong.

I concur in the conclusion that the judgment must be reversed.

HISCOCK, Ch. J., POUND and ANDREWS, JJ., concur with CHASE, J.; CARDOZO, J., concurs in opinion, in which POUND and ANDREWS, JJ., also concur; COLLIN and CRANE, JJ., dissent.

Judgment reversed, etc.