The Alamo National Bank of San Antonio, Executor of the Estate of Lewis Williams Alexander, Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. L. W. Alexander, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 77082, 77083. Promulgated August 3, 1937.

*Robert Ash, Esq.*, for the petitioner.

*R. P. Hertzog, Esq., F. T. Donahoe, Esq.*, and *C. N. Kitchin, Esq.*, for the respondent.

### OPINION.

HILL: These proceedings, duly consolidated for hearing, involve deficiencies in income tax of petitioners for the year 1931 in the amounts of $30,741.74 and $15,250.48, respectively. The sole issue raised by petitioners is the action of the respondent in refusing to place a value, as of December 31, 1921, on the franchise acquired by them on that date for the exclusive right to bottle and distribute Coca-Cola in certain specified counties of Texas. In his answer, in addition to denying the error alleged, respondent specifically pleaded estoppel, based upon certain matters referred to hereinbelow.

The consolidated proceedings were heard at San Antonio on October 1 and 3, 1934. Upon motion of the petitioners, the issues were separated, and the hearing in the first instance was limited to the question of estoppel. On April 20, 1935, a memorandum opinion was filed herein, and on the same date an order was entered pursuant thereto, denying respondent's plea of estoppel. Subsequently, on suggestion of death of the petitioner, L. W. Alexander, an order was entered substituting in his place and stead the Alamo National Bank of San Antonio, executor of the estate of Lewis Williams Alexander, deceased. The cases were heard on the merits at Washington on August 19, 1936.

Respondent now urges reconsideration and reversal of the Board's prior action on the issue of estoppel "in view of certain decisions rendered subsequent to the entering of the memorandum opinion." The facts pertinent to the issue of estoppel were stipulated by the parties, and, in so far as deemed material here, are set forth below.

The original petitioners, herein for convenience sometimes referred to as the "petitioners", were husband and wife, residents of San Antonio, Texas, who for the years 1921 and 1931 filed separate income tax returns on the community property basis.

They were the sole stockholders of the San Antonio Coca Cola Bottling Co., a Texas corporation, which prior to 1913 acquired an exclusive franchise to bottle and distribute Coca-Cola in certain designated counties in Texas.

At December 31, 1921, the San Antonio Coca Cola Bottling Co., was liquidated and its assets taken over by petitioners. The income which resulted from such liquidation was taxable income to the community estate of the petitioners. Each of the petitioners filed an

income tax return for 1921, which showed total "liquidating dividends" in the amount of $17,035.40.

Neither the books of the San Antonio Coca Cola Bottling Co., nor the 1921 returns of the petitioners made any mention of the Coca-Cola franchise which was owned by the company and was acquired by the petitioners upon liquidation of the company in 1921. The petitioners did not pay any income tax for the year 1921 on account of the acquisition of such franchise as a liquidating dividend, although an income tax in excess of the amount now in dispute would have been due for 1921 from each petitioner, based upon the value now claimed by petitioners for the franchise, amounting to $216,560, less the March 1, 1913, value thereof. At the time the petitioners filed their 1931 income tax returns and claimed a value of $216,560 for the franchise in determining the taxable profit realized from the sale thereof in 1931, the statute of limitations for the assessment and collection of any additional taxes due for 1921 had expired.

Effective as of September 7, 1931, the petitioners sold, for a total consideration of $775,000, the business which they had acquired in 1921 upon liquidation of the San Antonio Coca Cola Bottling Co.

In their income tax returns for 1931 the petitioners, in computing capital gain on the sale of the bottling business, placed a value on the Coca-Cola franchise, as of the date of acquisition, December 31, 1921, of $216,560.

Respondent's notices of deficiency held that the basic date for computing gain from the sale in 1931 was December 31, 1921, but that as no franchise value had been reported as income upon liquidation of the bottling company in 1921, the petitioners were estopped from claiming that the franchise had a value as of that date.

The decisions rendered subsequent to the Board's memorandum opinion and order of April 20, 1935, above referred to, and which are cited and relied on by respondent to sustain his plea of estoppel, are: *Commissioner* v. *Farren* (C. C. A., 10th Cir., Jan. 28, 1936), 82 Fed. (2d) 141, reversing a memorandum opinion of the Board dated November 20, 1934; *Rose* v. *McEachern* (C. C. A., 5th Cir., Nov. 9, 1936), 86 Fed. (2d) 231; *Larkin* v. *United States* (C. C. A., 8th Cir., Aug. 15. 1935), 78 Fed. (2d) 951; and memorandum opinion of the Board in the case of *Carl J. Schmidlapp*, dated November 18, 1936. Respondent also cites *Bothwell* v. *Commissioner* (C. C. A., 10th Cir.), 77 Fed. (2d) 35, which was decided on April 10, 1935, just prior to, but was not considered in connection with, the Board's memorandum opinion of April 20, 1935.

Petitioners seek to distinguish the cited cases on the ground that the transaction involved in each was not reported in the taxpayer's return or the Commissioner otherwise placed on notice, while in the

instant case, the respondent was fully advised of the liquidation of the bottling company in 1921. The distinction, we think, is not well founded. Very clearly the decisions referred to do not turn upon that point, and it is not discussed in the opinions except as it may incidentally appear in the statements of fact.

Solution of the issue presented here, we think, is not to be found in an attempt to determine whether or not the facts bring it within the technical rules applicable to the doctrine of estoppel. A more fundamental consideration is involved.

By failing to report as income in 1921 any value on account of the franchise received by them upon the liquidation of the bottling company, the petitioners in effect declared that such franchise had no value at that time. *Crane* v. *Commissioner* (C. C. A., 1st Cir.), 68 Fed. (2d) 640, 641; *Bothwell* v. *Commissioner, supra; Fordyce* v. *Helvering* (C. C. A., 8th Cir.), 78 Fed. (2d) 525, 528. Limitations having run, petitioners can not now change their position and take advantage of their own error by claiming a value for the franchise in 1921 in computing the gain derived from its sale in 1931. *Stearns Co.* v. *United States*, 291 U. S. 54.

In *William Merriam Crane*, 27 B. T. A. 360; affirmed as *Crane* v. *Commissioner, supra*, we attained the same result as in the cited cases, although not predicated upon precisely the same reasoning. In the *Crane* case, the petitioner owned certain realty which he had leased to an insurance company for a term of years. The lessee made improvements to the value of $95,182 in 1920, which were to revert to the lessor upon termination of the lease. Petitioner sold the property in 1927, and, in computing gain or loss on the sale, contended that he was entitled to deduct the depreciated cost of the improvements made by the lessee, although he had never reported any part of such cost or value in his income. We denied the petitioner's contention, saying:

Furthermore, he is not in position to charge himself with any amount of increase in capital value as he might have been had he first taken some part of the increase into income. Prior to the sale he never recognized the receipt of any benefit from the expenditures made by his lessee. Until he has recognized the receipt of the asset, he can not set up capital value for it. * * * He argues that the Commissioner should have taxed him with a profit in 1920, but, since the bar of the statute of limitations prevents any additional assessment for 1920, the Commissioner can not avoid the effect of the statute and correct his mistake in 1927 by refusing to recognize a proper adjustment under the law. * * * Under such circumstances he (taxpayer) should not have an adjustment for which he never laid a proper foundation.

In *Stearns Co.* v. *United States, supra*, the Commissioner, at the request of the taxpayer, credited an overassessment for 1918 upon tax due for 1917. Thereafter, the taxpayer brought suit for a refund for the 1918 overassessment, substantially on the ground that such

crediting of the overassessment was void because at that time collection of the 1917 tax was barred by limitation. The Supreme Court denied the taxpayer's claim upon equitable grounds, stating in its opinion in part as follows:

> The applicable principle is fundamental and unquestioned. "He who prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned, for the law says to him, in effect: 'This is your own act, and therefore you are not damnified.'" *Dolan* v. *Rodgers*, 149 N. Y. 489, 491, 44 N. E. 167; and *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447, 457, 127 N. E. 263; quoting *West* v. *Blakeway*, 12 Man. & G. 729, 751. Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. *Imperator Realty Co.* v. *Tull*, supra. A suit may not be built on an omission induced by him who sues.

In *Commissioner* v. *Farren*, *supra*, the taxpayers in 1918 each received 10,000 shares of stock in an oil company, of an actual value of $9.42 per share, as compensation for services rendered. Although taxable as income for 1918, no return was made for that year because the taxpayers honestly believed that no return was necessary until the stock was sold. The stock was sold in 1926, and the taxpayers contended that they were entitled to deduct the value of the stock when acquired in computing gain or less on the sales. The court denied such right on authority of *Stearns Co.* v. *United States*, *supra*, and other decisions mentioned, saying:

> Petitioner (Commissioner) also urges that the taxpayers having, however, innocently, failed to return the stock as income in 1918 when received, may not for the purpose of reducing their 1926 taxes, rely upon a fact which they innocently concealed in 1918, after the statute has run on 1918 taxes. The Commissioner pleads that since the taxpayers treated the stocks in 1918 as having no market value, they ought not now to be permitted to ascribe a value to them. Petitioner's position is supported by our decision in *Bothwell* v. *Commissioner*, 77 F. (2d) 35, in two decisions of the Eighth Circuit Court of Appeals, *Larkin* v. *United States*, supra, and *Fordyce* v. *Helvering*, 78 F. (2d) 525, of the First Circuit in *Crane* v. *Commissioner*, 68 F. (2d) 640, and by language used by the Court of Claims in *Raleigh* v. *United States*, 5 F. Supp. 622.

The principles laid down in the *Stearns Co.* case, *supra*, have in effect been recognized by the Courts of Appeals for the First, Eighth, and Tenth Circuits and the Court of Claims as being applicable to situations such as we have before us in the present case. Also, in *Rose* v. *McEachern*, *supra*, substantially the same views were expressed by the Court of Appeals for the Fifth Circuit.

Petitioners cite *Estate of William Steele*, 34 B. T. A. 173, which is, we think, clearly distinguishable on the facts from the instant proceedings. There we held that the taxpayer was not estopped to deny liability in 1931 on income realized in 1923 where a representative of

the respondent was fully apprised of the facts and both the taxpayer and respondent's representative relied on a ruling of the respondent's office to the effect that the transaction resulted in no income in 1923. It is to be noted that neither the instant case, nor any of those herein cited, involves a mutual mistake of law without more.

Upon consideration, in the light of the subsequent decisions above referred to, we are constrained to the view that our former action was in error. This conclusion renders it unnecessary to consider the issue raised by petitioners. The deficiencies determined by the respondent are approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*