**Thomas E. SLY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 2337.

United States District Court
E. D. Illinois.

Aug. 24, 1954.

McRoberts & Hoban, East St. Louis, Ill., George D. Chopin, St. Louis, Mo., Royce B. Sheppard, Jr., East St. Louis, Ill., of counsel, for plaintiff.

C. M. Raemer, U. S. Atty. for Eastern Dist. of Ill., Salem, Ill., John M. Jones, Asst. U. S. Atty. for Eastern Dist. of Ill., Danville, Ill., for defendant.

WHAM, Chief Judge.

This case arises under the National Service Life Insurance Act of 1940, as amended 38 U.S.C.A. § 801 et seq., and the action was instituted by plaintiff, Thomas E. Sly, as beneficiary of a contract of insurance whereby defendant, United States of America, in consideration of the payment of certain premiums insured the life of the plaintiff's son, Thomas Joseph Sly, in the amount of $10,000. The contract of insurance was entered into on May 12, 1943 and said Thomas Joseph Sly died on May 24, 1950. Plaintiff's claim for the proceeds of the contract was denied by the defendant on the ground that the said insurance contract lapsed for nonpayment of the premium due on October 12, 1948.

There was evidence to show that the insured, Thomas Joseph Sly, became totally and permanently disabled on or about the 12th day of May, 1948 while the said contract of insurance was in full force and effect and remained totally and permanently disabled until the date of his death; that while the contract was in effect he became eligible for waiver of premiums under the provisions of the National Service Life Insurance Act but failed to apply for such waiver; that he was unaware of his disability;

that plaintiff, within one year from the date of the death of the insured, filed an application for waiver of premiums due on the aforesaid contract of insurance together with the required proof of disability of the said Thomas Joseph Sly. It is plaintiff's contention that insured's unawareness of his disability was a circumstance beyond insured's control within the meaning of the Act, such as would excuse him from filing the claim for waiver of premiums within one year from the due date of the unpaid premium. as required by the Act and that by reason of said application for waiver filed by plaintiff the contract of insurance in question was in full force and effect at the time of the death of said Thomas Joseph Sly on the 24th of May, 1950.

The case came on for trial before a jury and at the close of all the evidence, for reasons which will hereinafter appear, the defendant's motion for a directed verdict was sustained by the court and judgment was entered in favor of the defendant.

The case is presently before the court on plaintiff's motion to set aside verdict and judgment for defendant and to enter judgment in favor of plaintiff in accordance with plaintiff's motion for a directed verdict, and an alternative motion for a new trial. Plaintiff contends that the court erred in failing to submit the case to the jury upon the fact issue as to whether the failure of the insured, Thomas Joseph Sly, to file application for waiver of premiums was due to circumstances beyond his control, namely, ignorance of the fact that he was totally and permanently disabled.

At the time the case proceeded to trial two issues were in dispute: (1) Did Thomas Joseph Sly know, during the year immediately following October 12, 1948, that he was totally and permanently disabled; and (2) if Thomas Joseph Sly did not know that he was totally and permanently disabled during the said time, did such lack of knowledge constitute a circumstance beyond his control within the meaning of the statute? During the course of the trial, however, another issue arose out of the facts shown by the testimony of plaintiff and his witnesses which cannot be overlooked.

In the presentation of the plaintiff's case Dr. Francis Bihss, a radiologist and the treating physician of the deceased, testified that before October 12, 1948 he had diagnosed the deceased's condition as spleenic leukemia; that he advised the plaintiff of insured's condition, that the disease was incurable and that he was totally and permanently disabled; that he agreed with plaintiff beneficiary to keep such information from the insured; that in his opinion it was better from a medical standpoint for the insured to be kept in ignorance of his true condition. The plaintiff, Thomas E. Sly, was also sworn as a witness, and testified that he was the father of the deceased, Thomas Joseph Sly; that he knew that he was named as a beneficiary in the policy; that he was engaged in business as an insurance broker and that the deceased worked with him a portion of the time; that during the period of one year, following October 12, 1948, he knew that his son was suffering from an incurable disease known as spleenic leukemia and was totally and permanently disabled; that during this time he and Dr. Francis Bihss agreed, for the good of the insured, as he believed, to keep this information from the insured and that he did keep such information from him.

From the testimony referred to above it seems conclusive that if the deceased was, in fact, unaware of his incurable condition and that he was totally and permanently disabled (there is some evidence that he knew and realized his condition) it was because of the deliberate and conscious efforts of the plaintiff to keep him ignorant of those facts. The lack of knowledge, which is here alleged to be a circumstance beyond the control of the deceased such as would excuse his failure to file an application for a waiver of premiums, was admitted-

ly a result of the conscious and deliberate efforts of the plaintiff who was named as beneficiary in the policy. No question of fact for the jury was presented by the evidence on this point. Whether under said circumstances the plaintiff should be permitted to recover became a question of law for the court. But for that question, under the present state of the authorities, the case would have been permitted to go to the jury, under instructions, despite the earnest contention of the government that lack of knowledge of insured that he was totally and permanently disabled did not constitute a circumstance beyond his control so as to excuse failure to apply for waiver of premiums. But with the added fact that such lack of knowledge on the part of the assured was deliberately brought about by the beneficiary it seemed to the court that the plaintiff should not be permitted to succeed as a matter of law.

■ Should the beneficiary in the policy here under consideration be permitted to take advantage of his own deliberate acts and omissions which prevented the insured from complying with the requirements of the policy? The law, on principle, seems not to favor a recovery under such circumstances. In the case of R. H. Stearns Co. of Boston, Mass. v. United States, 291 U.S. 54, at page 61, 54 S.Ct. 325, at page 328, 78 L.Ed. 647, the Supreme Court of the United States, speaking through Mr. Justice Cardozo, said:

"The applicable principle is fundamental and unquestioned. 'He who prevents a thing from being done may not avail himself of the nonperformance which he has himself occasioned, for the law says to him, in effect: "This is your own act, and therefore you are not damnified."' Dolan v. Rodgers, 149 N.Y. 489, 491, 44 N.E. 167, and Imperator Realty Co. v. Tull, 228 N.Y. 447, 457, 127 N.E. 263; quoting West v. Blakeway, 2 Mann. & G. 729, 751 [133 Eng.Reprint, 940, 949]. Sometimes the resulting disability has been

characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. Imperator Realty Co. v. Tull [228 N.Y. 447, 127 N.E. 263], supra. A suit may not be built on an omission induced by him who sues. Swain v. Seamens, 9 Wall. 254, 274, 19 L.Ed. 554 [560]; United States v. Peck, 102 U.S. 64, 26 L.Ed. 46; Thomson v. Poor, 147 N.Y. 402, 42 N.E. 13; New Zealand Shipping Co. v. Societe des Ateliers (1919) A.C. 1, 6 [—H.L.]; 2 Williston, Contr. §§ 689, 692."

Plaintiff has devoted much argument to the end that defendant may not rely upon the defense of estoppel for the reason that all of the elements required for an estoppel are not present. Without stopping to classify the obstacle to plaintiff's right to recover it would seem, as Justice Cardozo said in R. H. Stearns Co. of Boston, Mass. v. United States, supra, "the label counts for little." The plaintiff put himself in position that the law should not and does not permit him to succeed.

The undisputed evidence shows that plaintiff, with knowledge that the insured was disabled, kept the knowledge from the insured so he could not comply with the requirement that he apply for waiver of premiums but plaintiff, having such knowledge, failed to do anything to avoid the consequences of his own act. In effect, he, the beneficiary, stepped into the shoes of the insured and failed to protect the policy in any way. Thereby, he forfeited his rights as beneficiary.

The plaintiff further contends that the defendant failed to plead the action of Thomas E. Sly in withholding information from the deceased as a defense

and thereby waived the right to raise the point.

 Under Rule 8(c) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., in a responsive pleading a party shall plead affirmatively any matter which constitutes an avoidance or an affirmative defense. The purpose of this rule is to prevent surprise, Carr v. National Discount Corporation, 6 Cir., 172 F.2d 899; Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, sec. 279. The primary purpose of the rules is to permit the accomplishment of substantial justice by simplifying the procedure. The general policy in the interpretation of these rules is to disregard the technicalities and to determine the rights of litigants on the merits and to that end the rules are liberally construed. Mitchell v. White Consolidated, 7 Cir., 177 F.2d 500; Holley Coal Co. v. Globe Indemnity Co., 4 Cir., 186 F.2d 291.

The evidence of the fact that plaintiff was responsible for the insured's lack of knowledge of his permanent and total disability was produced by the plaintiff in his own testimony and in the testimony of his witnesses. Under these circumstances plaintiff cannot maintain that he was surprised as to the facts presented. Dixie-Vortex Co. v. Paper Container Mfg. Co., 7 Cir., 130 F.2d 569, at pages 576, 577. To deny to the defendant the right to raise the question on the motion for a directed verdict in this case would defeat the avowed purpose for which the Rules of Civil Procedure were promulgated. Furthermore, were it essential under the rules, any discrepancy between the pleadings and the evidence presented by plaintiff at the trial may be rectified by a motion under Rule 15(c) to amend the pleadings to conform to the evidence.

The motion of the plaintiff to set aside verdict and judgment for defendant and to enter judgment in favor of plaintiff in accordance with plaintiff's motion for a directed verdict, and alternative motion for a new trial, will be denied.