J. L. FOUTZ AND FERN FOUTZ, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53825. Filed September 27, 1955.

*John P. Dwyer, Esq.,* for the petitioners.
*T. W. Sommer, Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* Petitioners claim that the Form 1040 marked "Tenative," filed by them on January 15, 1949, was a return sufficient to start the 3-year period of limitations provided for the assessment

of taxes (sec. 275 (a), I. R. C. 1939)[1]; that therefore the deficiency here is barred because it was not assessed within 3 years after the return was filed. The respondent contends that the "Tentative" Form 1040 was not a "return" within the requirement of section 275(a), and by amendment to his answer respondent has pleaded that petitioners are estopped from asserting that their return of January 15, 1949, was sufficient to begin the period of limitations upon the assessment of their 1948 tax.

We need not take up respondent's first contention relating to the sufficiency of petitioners' initial return, since we agree that petitioners are estopped from arguing that their return of January 15, 1949, started the period of limitations. Cf. *R. H. Stearns Co.* v. *United States*, 291 U. S. 54 (1934); *John J. Flynn*, 35 B. T. A. 1064, 1070 (1937). The basis of the estoppel is this: By marking their return "Tentative" petitioners clearly indicated that they did not intend it as a final return, and that something more was to follow. They were informed by respondent that tentative returns could not be taken into account, and that pending receipt of a completed return for 1948, their payment was being held in the collector's suspense account. In the same letter petitioners were advised of the necessity of filing a completed return within time limits in order to avoid the application of a penalty. In response to this letter petitioners requested the collector to transfer the payment included with the return from his suspense account to a credit on their estimated tax account. By their reply to respondent's letter, in requesting that the tax paid be treated not as a final payment, petitioners indicated their acquiescence in his advice that their return was not a final return. Thus by their representation and their acquiescence petitioners induced respondent to believe that they too did not consider the return as final, and to forego a timely assessment of their tax liability for 1948. Under the circumstances this was a reasonable belief on respondent's part. To permit petitioners now to take a position inconsistent with what reasonably appeared to respondent to be their previous position would work an obvious hardship and injustice on respondent.

While the facts in *R. H. Stearns Co.* v. *United States, supra,* are quite different from those at hand, the rationale of that case is equally applicable here. In *Stearns* the Commissioner demanded payment of petitioner's 1917 tax liability. In response petitioner filed a claim for refund and credit of income taxes alleged to have been overpaid for the fiscal years 1918 through 1921, and asked that the unpaid balance

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—
(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

of its tax for 1917 be set off against its claim for overpayment. In 1924 the Commissioner applied an overassessment for 1918 against petitioner's unpaid tax for 1917, and petitioner objected on the ground that the collection in 1924 of its 1917 tax liability by a credit against a 1918 overassessment was barred because the period of limitations had run. One ground for the Supreme Court's opinion upholding the Commissioner was that the petitioner having requested a postponement of the collection of its 1917 tax liability, was estopped from claiming that the period of limitations within which this liability could be collected had expired. The Court explained its reasoning as follows (p. 61) :

The applicable principle is fundamental and unquestioned. "He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned, for the law says to him in effect 'this is your own act, and therefore you are not damnified.'" *Dolan* v. *Rodgers,* 149 N. Y. 489, 491 ; 44 N. E. 167 ; and *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447, 457 ; 127 N. E. 263 ; quoting *West* v. *Blakeway,* 2 Man. & G. 828, 839. Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. *Imperator Realty Co.* v. *Tull, supra.* A suit may not be built on an omission induced by him who sues. *Swain* v. *Seamens,* 9 Wall. 254, 274 ; *United States* v. *Peck,* 102 U. S. 64 ; *Thomson* v. *Poor,* 147 N. Y. 402 ; 42 N. E. 13 ; *New Zealand Shipping Co.* v. *Société des Ateliers,* [1919] A. C. 1, 6 ; Williston, Contracts, Vol. 2, §§ 689, 692.

We think the above principle applies equally to the facts of this case and precludes the petitioners from claiming that their return of January 15, 1949, started the period of limitations for the assessment of their 1948 tax.

*Decision will be entered in accordance with the stipulation of the parties.*