■ BRITISH SUPREME CLOTHS, LTD., Appellant, v. FUTURA FABRICS CORPORATION et al., Respondents, et al., Defendants.— Order entered January 27, 1969 and judgment entered February 4, 1969, granting defendants-respondents'

motion for summary judgment dismissing the complaint, affirmed, with $50 costs and disbursements to the respondents. The Statute of Frauds has here been employed to defeat an action based on "a special promise to answer for the debt, default or miscarriage of another person" (General Obligations Law, § 5–701, subd. 2), the suit being upon the guarantee of one corporation to pay another's debt on default by the debtor. Originally defendant-respondent Futura Fabrics Corporation guaranteed, in writing, through its president, defendant-respondent Abrams, the debt of another corporation, defendant U. S. Textile Mills, Inc. Thereafter, the president of that debtor corporation, defendant Glazer (who has since departed the scene), agreed with plaintiff for an extension of time to pay the invoices constituting the debt and to which the guarantee applied; this process was repeated, but consented to on neither occasion, as far as Futura was concerned, by any writing signed in its behalf. Plaintiff relied, it appears, on Glazer's representation that these modifications actually had been consented to by Futura acting through Abrams, its president. Evidence to this effect is obviously no better than double hearsay and there is nothing else in the record to connect either respondent to the modification, unless it be said that a request made by Abrams directly to plaintiff in a prior and completely unrelated transaction, that plaintiff and Glazer work out a plan to settle an earlier debt, carried over after payment of that earlier debt to any and all subsequent transactions as an acknowledgment that Futura's, Abrams', Glazer's and the debtor corporation's interests and responsibilities were forever bound up together. Even though it should never be necessary to refute inadmissible evidence, Abrams has completely denied the hearsay statement said to have been made by Glazer. The record is therefore barren of evidence raising an issue to be tried whether, as charged in the complaint and asserted in the dissent, "Abrams directed Glazer to seek and obtain the extension" in the particular transaction here examined. Neither Abrams nor his corporation is estopped from claiming the protection of the Statute of Frauds. Nothing appears in the record to refute the completely separate existence of Futura and the debtor corporation, or to indicate that, as the complaint charges, Futura and the debtor were alter egos of each other and of Abrams. Nor does this case even resemble *Imperator Realty Co.* v. *Tull* (228 N. Y. 447, 451) in which a jury chose to sustain a subsequent oral contract, the existence of which was submitted to it as an issue of fact, and which "did not purport to be inconsistent with any material part of the written contract, nor to substitute a new oral contract for any material part of the written contract." Plaintiff should have looked to the guarantee at the time of the original default or, at the least, not have relied on Glazer's unsupported assumption of authority to act for either defendant-respondent. Concur — Capozzoli, J. P., McGivern and Markewich, JJ.; Nunez and Steuer, JJ., dissent in the following memorandum by Steuer, J.: Special Term granted summary judgment to the defendants. We believe that this was erroneous as, in our view, there were triable issues of fact. Suit is upon two guarantees of two invoices for goods sold to defendant U. S. Textile Mills, Inc. (U. S.). The guarantees were signed by defendant Futura Fabrics Corporation (Futura) and contain the statement that they are "irrevocable". It appears that Futura is largely owned and exclusively controlled by Arthur Abrams. Bernard Glazer, who worked in the Futura premises, was associated with Abrams in several ventures of sales of goods for export. Before the transactions in question, Abrams desired a more concrete relationship and U. S. was organized to conduct the foreign sales and Futura advised its accounts in the instances of purchase for export that these transactions would be made by U. S. Plaintiff, being doubtful of the U. S. credit, insisted on the guarantees in suit. The two invoices amounted to $58,492.29. They were not paid when due. Instead, an

arrangement was made for U. S. to pay $8,492.29 and give three notes for $17,000, $17,000 and $16,000. The cash was paid. Prior to the due date of the first note U. S. requested that the due dates be extended for one month, and this was done by substituting new notes. The first note was paid. The other two are in default. There is no written consent from Futura to the extension of time granted. There is evidence which, if believed, would indicate that Futura was not only well aware of the proposed agreement to extend the time for payment but that Abrams directed Glazer to seek and obtain the extension. Under such circumstances it is elementary that the Statute of Frauds cannot be relied on to take advantage of a situation which defendant sought to create (*Imperator Realty Co. v. Tull*, 228 N. Y. 447). Whether or not plaintiff will be able to prevail on these issues is not a matter we are concerned with currently.