Ruffin, C. J.
 

 Besides the points made at the trial, there are others arising on the facts stated in the record, which would be worthy of consideration, if needful to the decision of the pending appeal. One, for instance, is, whether, notwithstanding the broad terms of the 13th section of the act of 1846, “when the land shall be claimed by another under any pretence whatsoever,” a stranger, who sets up a title adverse to the deceased, is within the act, so as to enable the administrator to make him a party to the petition, in order to determine the property; or whether those terms are not rather to be construed in reference to the 4th, 11th, and 12th sections, and thus confined to persons “interested in the said estate” of the deceased, either as heir, devisee, mortgagee, fraudulent donee, or other person claiming under the deceased.— Then, supposing that an adverse claim may be litigated in this form of proceeding, another question is, whether it must not be at the instance of the administrator, and the claim be set forth in the petition, or whether, as here, the adverse claimant may, ofhimself, intervene and demand
 
 *472
 
 an issue upon his title. These points, however, may be passed over, since, supposing them for the appellant, the Court hold the opinion to be correct, that he has not the title to the premises, and therefore, that he has no right to a reversal of any judgment, that might have been rendered on the petition. He did not set up the deed to himself, as vesting the title in him, but only as color of title. Consequently it remained for him to shew seven years possession, under it, adverse to the real owner ; and in that he failed entirely. For, it cannot be in the least doubted, that when a husband is in possession, he is not deprived of it by any arrangement between his wife and a third person, pretending to own the land and to put her in possession. So, when the husband is in under one person, the character of his possession cannot be changed by such an arrangement and pretence, the husband not being, in fact, disturbed , but continuing to enjoy as before. If the wife could be regarded at all as Felton’s tenant, yet she had no distinct possession of her own, as the husband and son were all the time on the land, and the possession would be adjudged to be with the title. Judgment was therefore properly rendered against the appellant for the costs accrued on the issue tendered by him.
 

 As the appellant is thus put out of the case, it is not material between those parties, whether the Court w-as right or wrong in holding this to be a proper case for the sale under the act of 1S46, notwithstanding administration was first granted on the intestate’s estate in 1846; for, if wrong, then in the first place, it was the appellant’s folly to intervene in a matter,,in which no order could be made to his prejudice, and, in the next, having no title, to the property, he has no interest in the question. But, as the appeal was from an interlocutory judgment on a collateral question, there can be no final judgment here, but the cause must be remanded'for further proceedings between the other parties; and, as the question is raised in the
 
 *473
 
 record, it seems proper the Court should give an opinion c.n it, in aid of the parties, upon these or other proceedings to subject the land for the intestate’s debts. Upon this question, the opinion of the Court differs from that of his Honor. Both in the 4th and in the 1 Sth sections, it is expressly provided, that the mode of proceeding prescribed in the act, shall only be in use, when the will may have been proven or letters of administration grante 1 on or after February 1st, 1817. When there is a will there can be no mistake as to the construction; for, without any regard to the date of the will or the perio.1 of the testator’s death, or the qualification of the executor or administrator
 
 cum testamento annexo,
 
 the jurisdiction is determined by the period of the probate of the will, and I-y that alone, according to the tenor of the act. It seems plain, that the provision intended to designate explicitly some certain event, and period, for the important changes introduced, not only as to the mode of proceeding to subject real estate, but as to the application thereof or the proceeds to the debts, so that the creditors and representatives of. drceased debtors might know exactly their rights and duties at the different periods, before and after that day. An administrator, with the will annexed, is thus pla’n'y excluded, when the will was proved before February 1847, though his letters were granted afterwards As the reason for that provision arises out of the rights of the creditors to preferences, it follows, when the original administration was before February 1847, that the administrator
 
 de bonis non,
 
 subsequently appointed, stands on the same ground with the administrator with the will annexed, above supposed. But that is put beyond all question by the additional enactment in the close of the 18th sec. that “the present mode of proceeding against real estate shall be in use, in all cases when the will may have been proven or letters of administration granted prior to that day,” that is, prior lothq 1st of Feb. 1847, Upon the grant
 
 *474
 
 ®f the first administation, the rights of the creditors, as between themselves,were determined by the law then in force, as were also the meansofobtaining satisfaction by the various legal and equitable remedies, according to the nature of the securities and of the assets, as legal or equitable; and the provisions under consideration were intended as a plain declaration, that neither those rights nor remedies were to be interfered with in any existing case or any one that might arise thereafter, provided there had been, or should be, a probate oí the deceased debtor’s will, if he left one, or an administrator on his estate, if intestate, before the first of February following, by which time it might be expected the new law would be generally known. What« ever obscurity may rest on other parts of the Act or difficulties arise out of its provisions, those upon this point seem sufficiently plain, and show that the present case is not embraced in the act, and that it was erroneous to entertain the petition.
 

 The decision of the Court, however, is, that there is no error in the judgment against John Felton, from which he appealed. That wilt be certified to the Superior Court, with directions to proceed, as between the other parties, according to right and justice.
 

 Per Curiam. Ordered to be certified accordingly.