THOMAS F. HURLEY, Respondent, *v.* J. VAN V. OLCOTT et al., as Receivers and Trustees of MILLIKEN BROTHERS, INCORPORATED, Appellants.

**Employers' Liability Act — service of notice — deposit thereof in post office a complete compliance with the statute.**

The requirement of the Employers' Liability Act, as to service of notice of claim for damages for an injury, is " The notice may be served by post by letter addressed to the person on whom it is to be served, at his last-known place of residence or place of business and if served by post shall be deemed to have been served at the time when the letter containing the same would be delivered in the ordinary course of the post;" hence the proper deposit in the post is a complete compliance with the statutory requirement.

*Hurley* v. *Olcott,* 134 App. Div. 631, affirmed.

(Argued February 21, 1910; decided March 15, 1910.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 22, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Lamb Richards, Jr., Rutherford B. Meyer* and *Frank Verner Johnson* for appellants. The exception of defendants to the court's charge in respect to service of notice presents reversible error. (*Moyle* v. *Jenkins*, L. R. [8 Q. B. D.] 116.) The mailing of a notice properly addressed and postpaid merely raises a presumption that it has been received by the person to whom it was directed. (*McCoy* v. *Mayor, etc.*, 46 Hun, 268; *Rosenthal* v. *Walker*, 111 U. S. 193; *Huntley* v. *Whittier*, 105 Mass. 393; *Austin* v. *Holland*, 69 N. Y. 576; *Shea* v. *N. Y. & N. H. R. R. Co.*, 173 Mass. 177; *McCarthy* v. *Dedham*, 188 Mass. 204; *Bovi* v. *Hess*, 123 App. Div. 389.) The letter in question was not a sufficient notice under the Employers' Liability Act. (*Finnigan* v. *N. Y. C. Co.*, 194 N. Y. 248; *Mattson* v. *P. C. Co.*, 120 N. Y. Supp. 569.)

*Thomas J. O'Neill* and *L. F. Fish* for respondent. The plaintiff, by his wife, deposited in the post office box a notice under the Employers' Liability Act, in a sealed envelope, plainly addressed to the defendant, with the postage prepaid thereon, and this is all that the statute requires. (L. 1902, ch. 600.) The notice was sufficient. (L. 1902, ch. 600, § 2; *Lobasco* v. *Moxie*, 127 App. Div. 677; *O'Donnell* v. *Parker*, 109 N. Y. Supp. 875; *Sheehy* v. *City of New York*, 160 N. Y. 139; *Missano* v. *Mayor, etc.*, 160 N. Y. 123; *Blount* v. *City of Troy*, 110 App. Div. 609.) The statute does not contemplate that the plaintiff must prove that the mail notice was actually received by the defendant. (*Bovi* v. *Hess*, 123 App. Div. 390.)

CULLEN, Ch. J. The action is brought under the Employers' Liability Act (Laws 1902, Ch. 600), servant against master, to recover damages for personal injuries. The notice alleged to have been served seems, under our recent decision in *Bertolami* v. *United Engineering & C. Company* (198 N. Y. 71), to be sufficient, and the only question necessary to consider on this appeal is as to the service of the notice. The plaintiff claimed to have made the service by mail; defendants denied receipt of the notice. The trial court charged the jury that if they found that the notice " was actually written as the plaintiff's wife says it was, and plainly addressed to the defendants, and the postage prepaid, and deposited by her in a post office box, it was sufficient, whether defendants received it or not." To this ruling the defendants excepted, and contend that it should have been left to the jury to decide whether in fact the defendants did receive the notice, and the jury instructed that if defendants failed to receive it the service was insufficient.

In support of this position counsel for the appellants cites many authorities to show that from the deposit of a letter in the post office there arises only a presumption of its delivery, which may be rebutted and thus a question of fact be presented. This is, undoubtedly, the law, but it has no application to the case before us. In the cases cited by the counsel it was necessary for a party to show actual notice to the adverse party, or the actual receipt of the communication addressed to him. But such is not the requirement of the statute before us. It reads: " The notice may be served by post by letter addressed to the person on whom it is to be served, at his last known place of residence or place of business and if served by post shall be deemed to have been served at the time when the letter containing the same would be delivered in the ordinary course of the post." This provision is not anomalous. In many cases the statute provides that notice may be served by mail. Such is the provision as to service of papers on the attorneys in an action, and it has been uniformly held that the service was effective when the

papers were properly mailed, regardless of their receipt by the adverse party. The risk of miscarriage is with the party to whom they are directed. (*Jacobs* v. *Hooker*, 1 Barb. 71; *Brown* v. *Briggs*, 1 How. Pr. 152; *Radcliff* v. *Van Benthuysen*, 3 How. Pr. 67.) The law may prescribe other than personal service even of original process by which it is sought to bring a party into court and bind him by its judgment. In *Matter of Empire City Bank* [*U. S. Trust Co.* v. *U. S. F. Ins. Co.*] (18 N. Y. 199) it was held that personal service is not required to constitute due process of law and that the legislature may prescribe "a kind of notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him." (p. 215.) In that case the notice was by advertisement in a newspaper. To the same effect is *Hunt* v. *Hunt* (72 N. Y. 217, citing Cooley on Constitutional Limitations, p. 404). The Code provides for service of a summons on persons without the state by advertisement and the mail, and the fact that unfortunately the party sought to be served does not receive notice no wise affects the validity of the service or the jurisdiction of the court. In this case no constitutional question is involved, because the legislature might have dispensed altogether with service of notice either personally or by mail. The only question is the construction of the statute, and in accordance with the uniform current of authority in analogous cases it is clear that the proper deposit in the post is a complete compliance with the statutory requirement.

The judgment appealed from should be affirmed, with costs.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.