## BURCHAM *v.* ROACH ET AL.

[No. 10,101. Filed December 18, 1919.]

1. ADVERSE POSSESSION.—*Elements.*—There are five indispensable elements in "adverse possession," namely, it must be hostile and under claim of right, actual, open and notorious, exclusive, and continuous. p. 671.

2. HUSBAND AND WIFE.—*Adverse Possession.—Joint Possession.*— Neither husband nor wife can acquire title by adverse possession to land owned by the other by joint occupation during coverture. p. 672.

3. HUSBAND AND WIFE.—*Adverse Possession.—Joint Possession.*— *Effect.*—Joint possession by husband and wife of the land of the husband is in law the possession of the husband. p. 674.

4. BOUNDARIES.—*Adverse Possession.—Husband and Wife.—Acquiescence.*—In an action by the wife after divorce to quiet title to part of an adjoining tract owned by the husband, the fact that for more than twenty years he had acquiesced in the location of a fence which included part of his land with the wife's property, does not establish the fence as the real boundary line, where husband and wife occupied both tracts jointly, since a contrary claim is in reality a claim by adverse possession. p. 674.

5. ADVERSE POSSESSION.—*Boundaries.—Deeds.—Admissibility.*—In an action to quiet title, under a claim of adverse possession to a certain fence, deeds that in no manner refer to the fence or division line *held* properly excluded. p. 674.

From Greene Circuit Court; *Theo. E. Slinkard,* Judge.

Action by Merab Burcham against Hayes Roach and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William L. Slinkard* and *Will R. Vosloh,* for appellant.

*James M. Hudson,* for appellees.

McMAHAN, J.—This action was commenced by the appellant against Hayes Roach, Ann Roach and Henry Burcham to quiet title to certain real estate in Greene county, Indiana.

Appellant and Henry Burcham were married in March, 1888, and lived together as husband and wife until November, 1915. They were divorced in May, 1916. At the time of this marriage Henry Burcham and his mother were the owners of a 200-acre farm which included the land in controversy. In September, 1888, Henry Burcham and his mother conveyed the south 120 acres of said farm to appellant, the consideration being love and affection. At that time appellant and her husband were living on the north eighty acres of said 200-acre farm. A few months later they moved into a house on the 120-acre tract, where they continued to reside until 1894, when they again moved into the house on the eighty-acre tract, and continued to live there until their separation in 1915. In November, 1892, Emily J. Burcham, who then owned said north eighty acres, which included the land in controversy, conveyed the same to Henry Burcham, who held the record title thereto until July, 1916, when he conveyed it to appellee Ann Roach. Henry Burcham with his family occupied and farmed

the 120 acres and the eighty acres immediately north of it, of which he held the record title as one farm from 1894 until after he and appellant separated in 1915. There has never been a fence on the division line between said 120 and eighty-acre tracts. There was in 1888, and ever since has been, a fence extending in a northwesterly direction from a point fourteen rods north of the southeast corner of said eighty acres to a point twenty-nine rods north of the southwest corner thereof.

Appellant in her complaint alleged that she was the equitable owner of the tract of land lying north of said 120 acres and south of said fence; that she had been in "open, adverse, notorious, continuous and exclusive possession" of said strip of land for more than twenty years, and asked that her title thereto be quieted.

During the trial appellant dismissed as to Henry Burcham, and at the conclusion of appellant's evidence the court instructed the jury to the effect that a wife who is living with her husband on a tract of land owned by him cannot acquire title to any part of his land by adverse possession, and directed them to return a verdict for appellees.

Appellant contends that the court erred in so instructing the jury, and in refusing to permit her to introduce and read in evidence certain deeds.

The main question for our consideration is whether a wife can acquire prescriptive title to the lands of her husband while they hold joint possession.

1. There are five indispensable elements in adverse possession, namely: (1) It must be hostile and under a claim of right; (2) it must be actual; (3) it must be open and notorious; (4) it must be

exclusive; (5) it must be continuous. *Worthley* v. *Burbanks* (1897), 146 Ind. 534, 45 N. E. 779.

If it be conceded that a husband or wife, under any circumstances, can acquire title to the lands of the other by adverse possession, they certainly

2. cannot do so by having a joint possession with each other. One of the essential elements of adverse possession is that the possession must be exclusive. Two persons cannot hold the same property adversely to each other at the same time. *Hinton* v. *Farmer* (1906), 148 Ala. 211, 42 South. 563, 121 Am. St. 73.

"It is well settled that the seizin and possession of one of several tenants in common are the seizin and possession of all. * * * There is not the slightest ground for claiming that the possession of Dyer during the lifetime of his wife was adverse to her nor that it was exclusive. So far as the facts are disclosed by the record, they occupied the premises together * * *." *Bader* v. *Dyer* (1898), 106 Iowa 715, 77 N. W. 469, 68 Am. St. 332.

The Supreme Court of Alabama, in passing upon this question, said: "Possession to be adverse must be exclusive, and, therefore, two persons cannot hold the same property adversely to each other at the same time, and for the additional reason furnished by the common law unity of coverture, * * *. If either had owned the legal title, the law would have referred the joint occupancy to the right of such owner; but in the absence of title in either it was possible for an adverse possession to have been established in either." *Stiff* v. *Cobb* (1899), 126 Ala. 381, 28 South. 402, 85 Am. St. 38.

"Where there are two or more persons in posses-

sion, each under a separate conveyance or color of title, the possession will be treated as being in him who has the better title. As there cannot be a concurrent seizin of the land, but may be a concurrent possession, the seizin is deemed to be in him who has the better title. * * * The present case is, therefore, like that where husband and wife are in possession of land owned by the wife and to which he has no title whatever. That their possession in such a case would be the possession of the wife, there can be no doubt." *Potter* v. *Adams* (1894), 125 Mo. 118, 28 S. W. 490, 46 Am. St. 478.

In the case of *Union Oil Co.* v. *Stewart* (1910), 158 Cal. 149, 110 Pac. 313, Ann. Cas. 1912A 567, the court said: "We see no sufficient reason for the determination that a wife cannot, under any circumstances, acquire title to her husband's land by continuous exclusive possession adversely to him. It may be conceded that she could not do so while they were living together and he remained the head of the family."

The court in *Mauldin* v. *Cox* (1885), 67 Cal. 387, 77 Pac. 804, said: "We conclude that during coverture, and while the husband remains the head of the family, neither party to the marital relation can hold the homestead adversely to the other." For other cases see *Blair* v. *Johnson* (1905), 215 Ill. 552, 74 N. E. 747; *Powell* v. *Felton* (1850), 33 N. C. 469; *Skinner* v. *Hale* (1903), 76 Conn. 223, 56 Atl. 524; *Hovorka* v. *Havlik* (1903), 68 Neb. 14, 93 N. W. 990, 110 Am. St. 387; *Springer* v. *Young* (1886), 14 Ore. 280, 12 Pac. 400; *Reagle* v. *Reagle* (1897), 179 Pa. St. 89, 36 Atl. 191; *Hays* v. *Marsh* (1904), 123 Iowa 81, 98 N. W. 604.

Appellant's husband, Henry Burcham, held the rec-

ord title to the land in controversy. Appellant had no title to such land. Their joint possession of such land was in law the possession of Henry Burcham, the legal owner.

Appellant contends that, even though she could not hold the land adversely to her husband, she became the owner of it because they each occupied and cultivated the land to the fence, and for a period of more than twenty years her husband acquiesced in the location of the fence as a boundary line. Inasmuch as their occupancy was joint, this contention cannot prevail. Appellant cannot escape the fact that her claim of title rests on adverse possession.

The grantor and grantee in one of the deeds which the court refused to admit in evidence were strangers to the title, while the other deeds were for the eighty acres. No reference was made in any of these deeds to the fence or the division line and could in no manner affect the rights of appellant or appellees. There was no error in excluding them.

Judgment affirmed.