No. 14,366.

FORD ET AL. *v.* GENEREUX.
(87 P. [2d] 749)

Decided February 20, 1939.

Mr. T. E. MUNSON, for appellants.

Messrs. SAUTER & SANDHOUSE, for appellee.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THIS action was brought originally by appellee in a justice of the peace court under the forcible entry and detainer statute. The appellants' answer raised the question of title to the property and by agreement the cause was certified to the district court for trial. In addition to formal denials the answer affirmatively alleged that the only claim appellee had to either title or possession was by virtue of a tax deed which appellants assert was void because of specified defects, some purportedly ap-

pearing upon the, face of the deed, and others extrinsically. The trial court entered judgment in favor of the appellee. Reversal is here sought upon the basis of such alleged irregularities in the deed and the proceedings preliminary to its issuance.

It first is asserted that the deed is void upon its face for the reason that it does not show that the land was offered for sale and reoffered on another day as required by section 234, chapter 142, '35 C. S. A. The recitals in the deed before us are substantially like those appearing in the tax deed considered in *Imperial Securities Co. v. Morris,* 57 Colo. 194, 141 Pac. 1160, where it was held that the deed is not invalidated by its failure to disclose the day on which the land was first offered. That case and *Henrie v. Greenlees,* 71 Colo. 528, 208 Pac. 468, in which the same conclusion was reached, foreclose appellants' contention on this point.

It next is claimed the deed is void upon its face for the reason that it does not show the county treasurer assigned the tax sale certificate from the county to the purchaser as required by section 247, chapter 142, '35 C. S. A. The deed recites: ''Whereas, The said County of Logan acting by and through its county treasurer * * * did duly assign unto Armond Genereux the certificate of sale of said property * * *.'' This recital is in precise conformity with section 257, chapter 142, supra, prescribing the form of a tax deed and indubitably proclaims that the county treasurer made the assignment. By this circumstance, *Emerson v. Valdez,* 24 Colo. App. 458, 135 Pac. 137, relied upon by appellants is rendered inapplicable since in that case the recital was that, ''the said county of Rio Grande, *by its proper officers,* did * * * duly assign the certificate,'' which the court held was a palpable evasion of the statute.

The deed is further challenged upon the ground that it does not show the date, nor the manner of the assignment, of the certificate. Our last mentioned conclusion to the effect that recitals of the deed were suffi-

cient to show the assignment by the county treasurer, in part adversely disposes of this contention of the appellants; and the remaining objection with reference to the alleged failure of the deed to show the date of the assignment—which we think unquestionable from the text of the deed—in any event is precluded by admissions made in open court by counsel for appellants.

■ Appellants urge that the deed is void in that it does not show that the purchaser paid subsequent taxes. The recital in the deed on this subject is as follows: "And, whereas, the said Armond Genereux has paid subsequent taxes on said property to the amount of eighty (80) Dollars and Thirty-one (31) Cents." This recital, being in the form provided by section 257, supra, is sufficient to establish, prima facie at least, that all subsequent taxes were paid by the purchaser of the certificate. *Richardson v. Halbekann*, 97 Colo. 175, 48 P. (2d) 1014. In *Carnahan v. Sieber Cattle Co.*, 34 Colo. 257, 82 Pac. 592, upon which appellants principally rely to suport their position, there was no recital in the deed expressly stating, or from which it could be inferred, that the purchaser had paid subsequent taxes. In *Schneider v. Hurt*, 25 Colo. App. 335, 138 Pac. 422, the question involved related to the *obligation* of the purchaser to pay subsequent taxes, and there is no reference to the form of the recital in the deed.

■ ■ As matters extrinsic of the deed which appellants claim invalidate it, it is asserted that the instrument is void because of failure of the county treasurer to serve the preliminary notice required by section 255, chapter 142, '35 C. S. A., upon the appellant Stella Ford. The evidence discloses that Stella Ford is the wife of appellant Arlie Ford; that in 1923 the latter secured patent to the land in controversy from the United States; that when the patent was issued Mrs. Ford filed a statutory homestead exemption on the land and since that date has lived and resided thereon with her husband. It is conceded that the filing of the homestead does not

give Mrs. Ford such an interest in the land as would require service of notice on her on that account, but it is argued that notice to her as a "person in actual possession or occupancy of such land" is a prerequisite to the issuance of a valid deed. We do not understand that the wife of the record owner of the land residing with her husband in the family home thereon, is in the actual possession or occupancy thereof in the sense contemplated by the statute and for this reason conclude that, under circumstances here established, the county treasurer was not required to serve notice on Mrs. Ford. Where the husband holds the record title to land, the joint possession thereof by husband and wife is, in law, the possession of the husband. *Burcham v. Roach,* 71 Ind. App. 669, 125 N. E. 463; 30 C. J. 579, §110.

It also is argued that appellant Arlie Ford was not legally notified of the proposed issuance of the tax deed as required by said section 255. This section, so far as here pertinent, provides: "The county treasurer shall serve or cause to be served by personal service or by registered mail a * * * notice [upon designated persons] * * * not more than five months, and at least three months before the time of issuance of such deed." The evidence discloses that on April 22, 1937, the treasurer mailed a registered letter containing the statutory notice—the sufficiency of which is not challenged—addressed to Mr. Ford at Proctor, Colorado. The correctness of this postoffice address is not questioned. The official postal registry receipt for the letter shows that it was received by Mr. Ford on April 27, 1937, at Proctor, Colorado, as he also admits to be the fact. The tax deed issued on July 24, 1937. It is the contention of appellants that since less than three months elapsed between the date of the registered mail notice and its receipt by Mr. Ford, and the date of the deed, the deed was issued prematurely and, therefore, is void. We do not agree with this conclusion. We believe the statute contemplates that service is complete when the

county treasurer registers and deposits in the United States mails the statutory notice directed to the proper postoffice address of the party to be notified. The letter containing the notice here in question having been so registered and mailed more than three months prior to the date fixed for the issuance of the deed, and upon which it did issue, the service was good. Any other construction would impose unwarranted contingencies with respect to the issuance of tax deeds in that if the date of the issuance of the deed is to be controlled by the dates of the receipt of the registered mail notice by the various interested parties, the treasurer would be unable with certainty to specify in the notice, when transmitted, the date upon which the deed would issue as is required by section 255, supra. It also would make it possible for an interested party to indefinitely defer the issuance of the deed by failure or refusal to accept the registered mail notice. Where service of notice by registered mail is expressly authorized by statute, as is the situation here, it has generally been held that service is effected when the notice is properly addressed, registered and mailed. *Hurley v. Olcott,* 198 N. Y. 132, 91 N. E. 270, 28 L. R. A. (N. S.) 238 (under Employers' Liability Act), and *Ross v. Hawkeye Ins. Co.,* 83 Ia. 586, 50 N. W. 47; *Ross v. Hawkeye Ins. Co.,* 93 Ia. 222, 61 N. W. 852, 34 L. R. A. 466 (statutory notice of cancellation of insurance policy).

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.