65 Wn.2d 477 (1965)
398 P.2d 1
RUTH ALVIN ROBEL, Appellant,
v.
HIGHLINE PUBLIC SCHOOLS, DISTRICT NO. 401, Respondent.[*]
No. 37190.
The Supreme Court of Washington, Department Two.
January 7, 1965.
Bennett Hoffman, for appellant.
Roberts, Shefelman, Lawrence, Gay & Moch, for respondent.
HAMILTON, J.
Appellant, a school teacher in the elementary grades of Highline Public Schools, District No. 401, sought review in the superior court of the refusal of the school board to renew her teaching contract for the school year 1962-1963. She challenged the sufficiency of the service of the required notice of nonrenewal, the denial of a hearing before the school board, and the reasons given for the nonrenewal. The superior court, at the conclusion of appellant's presentation, dismissed her action. She appeals.
The stipulated and otherwise undisputed facts may be stated as follows: Appellant had taught in the elementary system of respondent school district for some 16 years, the last 7 of which had been under the supervision of school principal Myrvin Dimmitt. He became concerned with what appeared to him to be a lack of pupil control and discipline in appellant's classroom and resultant parental complaints. On June 5, 1961, he advised appellant by letter of his concern and expressed the hope that the problems would be corrected during the ensuing school year. Following commencement of school in September, 1961, the principal visited appellant's classroom three or four times and assigned a teacher consultant to the matter, who likewise visited the classroom several times. On March 19, 1962, Mr. Dimmitt, by letter to the assistant superintendent, stated his views and recommended that appellant's teaching contract not be renewed for the school year of 1962-1963. On March 22nd, he orally advised appellant of his recommendation and the reasons therefor, which were the same as those set forth in *479 the letter of June 5, 1961. Appellant then conferred with the personnel director, who confirmed Mr. Dimmitt's recommendation and discussed the reasons given.
On March 23rd, appellant sustained a neck injury on her way to school. She taught that day and the following Monday, March 26th. At the end of that school day, she presented a letter from her doctor advising of her disability and the probability of being off work for approximately 2 weeks. Arrangements for a substitute teacher were made, and appellant went to her home. She remained there for a day or so and then went to the home of her sister, where she remained until sometime after April 15th. With the exception of a few days around the first of April, her son remained in her home and received and delivered her mail, including her paycheck for the month of March, which she telephonically requested be mailed to her. The check was mailed to her home address on April 2nd. It was thereafter endorsed by her, delivered to an escrow company, and cleared a local branch bank on April 10th.
On March 28th, a letter advising appellant that her contract would not be renewed was posted by certified mail, with return receipt requested. The letter stated the reason for the proposed nonrenewal was "a recommendation made by your principal to the effect that your teaching has been unsatisfactory" and "that repeated conferences with you have failed to bring about the desired improvement." The letter was addressed to appellant at her home address. On March 29th, the mail carrier undertook delivery of the letter but received "no response." Pursuant to postal regulations, the carrier left a "Mail Arrival Notice" indicating that certified mail was being held for appellant and that she could either call for or request delivery thereof. The letter remained uncalled for and was returned to respondent on April 23rd.
On April 10th, a second letter was directed to appellant at her home address. It was posted by registered mail with return receipt requested. It, too, advised appellant that her teaching contract would not be renewed because her teaching had not been satisfactory due to lack of classroom *480 organization, planning, and control, and that improvements suggested by the principal had not been carried out. Mailcarrier delivery of this letter was attempted on April 11th, again with "no response." As before, a "Mail Arrival Notice" was left, indicating that registered mail was being held subject to the request of appellant. On April 14th, a second notice was left. This letter remained uncalled for. It was returned to respondent on April 25th.
Appellant admitted receiving at least one of the three notices left by the mail carrier. She proffered no explanation for not calling for or requesting delivery of either letter.
Appellant returned to her teaching duties on May 7th. On May 11th, she was orally advised that her teaching contract had not been renewed. On May 16th, she delivered a written request for hearing before the school board. She was not afforded a hearing, and within 30 days gave notice of appeal to the superior court under the provisions of RCW 28.58.460.[1]
In dismissing appellant's appeal, the trial court, in essence, concluded from the evidence presented that (a) the statutorily required notice of nonrenewal of a teaching contract had been timely and properly given and knowingly or negligently ignored, (b) the notice stated sufficient cause for nonrenewal, and (c) appellant did not make a timely request for hearing before the school board.
We agree with the trial court.
The controlling statute, RCW 28.67.070, as last amended in 1961, in pertinent part provides:
"...
"Every teacher, ... hereinafter referred to as `employee', *481 whose employment contract is not to be renewed by the district for the next ensuing term shall be notified in writing on or before April 15th preceding the commencement of such term of the decision of the board of directors not to renew his employment which notification shall specify sufficient cause or causes for nonrenewal of contract. Such notice shall be served upon the employee by certified or registered mail, or to the teacher personally, or by leaving a copy of the notice at the house of his usual abode with some person of suitable age and discretion then resident therein. Every such employee so notified shall, at his or her request made in writing and filed with the clerk or secretary of the board of directors ... within 10 days after receiving such notice, be granted opportunity for hearing before the board of directors ..., to determine whether or not the facts constitute sufficient cause for nonrenewal of contract.... If such notification and opportunity for hearing is not timely given by the district, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of directors for such ensuing term: ..." (Italics supplied to that portion of the section added by amendment by Laws of 1961, chapter 241, § 1, p. 2080.)
It will be observed that the statute contains provisions with respect to the notice of a school board's intention not to renew a teacher contract which require that the notice (1) be in writing; (2) advise of the proposed nonrenewal; (3) specify sufficient cause or causes for nonrenewal; and (4) be served upon the teacher on or before April 15th (a) by certified or registered mail, or (b) personally, or (c) by leaving a copy at the teacher's house or usual place of abode with a person of suitable age and discretion then resident therein. Cf. State ex rel. Bohanon v. Wanamaker, 47 Wn. (2d) 794, 289 P. (2d) 697 (1955), which considered the statute as it existed prior to amendments by Laws of 1955, chapter 68, § 3, p. 415, and Laws of 1961, chapter 241, § 1, p. 2080.
In addition, it will be noted, pursuant to the 1955 amendment, that the statute grants to a teacher so notified the *482 right to a hearing before the school board, to determine whether or not any cause specified in the notice constitutes sufficient cause for nonrenewal, provided such teacher files with the clerk or secretary of the board a written request for such hearing within 10 days after receiving the specified notice of nonrenewal.
A failure to give a teacher timely written notification of the proposed nonrenewal, or to timely afford an opportunity for a requested hearing, by operation of the statute, results in automatic re-employment for the ensuing term. On the other hand, we have held that a teacher who is given timely and appropriate notice of a proposed nonrenewal must, in turn, make timely and appropriate request for a hearing before the statutorily designated forum, otherwise the notice and decision of nonrenewal become conclusive. See State ex rel. Bohanon v. Wanamaker, supra.
Against this statutory and decisional background, we turn to the first question raised by appellant's challenge of the trial court's judgment of dismissal. Was appellant given timely written notice within the contemplation of RCW 28.67.070? The answer turns upon whether, under the statute, actual receipt of the written notice was required on or before April 15th.
The general rule is that when a statute requires notice be served upon a person for the purpose of creating liabilities or determining rights, personal service is intended, unless some other mode of service is expressly authorized. 66 C.J.S., Notice § 18(d), p. 660. See Schultz v. Pasco, 39 Wn. (2d) 262, 235 P. (2d) 168 (1951). That this rule is applied to teacher contract renewal statutes is apparent from our decision in State ex rel. Welch v. Seattle School Dist. No. 1, 45 Wn. (2d) 6, 272 P. (2d) 617 (1954), applying the notice provisions of RCW 28.67.070, before its 1955 and 1961 amendments.
On the other hand, where the statute expressly authorizes a different mode of service, the general rule is otherwise, and, where service by registered mail is statutorily provided, it has been held that service is effected when the notice is properly addressed, registered and mailed. Ford *483 v. Genereux, 104 Colo. 17, 87 P. (2d) 749 (1939); Wasden v. Foell, 63 Idaho 83, 117 P. (2d) 465 (1941); Davis v. Moseley, 230 N.C. 645, 55 S.E. (2d) 329 (1949). We have not, however, been willing to go quite so far. In Van Duyn v. Van Duyn, 129 Wash. 428, 225 Pac. 444, 227 Pac. 321 (1924), wherein the issue was the application of RCW 11.40.030 authorizing notice of rejection of creditor's claims to be by personal service or registered mail, on rehearing en banc, we stated (p. 435):
"... when the notice of the rejection of the claim is given to the claimant by registered mail, the notification is in no event complete, so as to start the thirty-day statute running, until a reasonable time for the transmission and receipt of the notice has elapsed following the deposit of the notice in the post office...."
[1] Bearing in mind that the tenure of a teacher's contract with a school district is one year,[2] and giving consideration to the purposes of statutes such as RCW 28.67.070, one of which is to eliminate uncertainty in the employment plans of both the teacher and the school district for the ensuing term, we deem the rule announced in the Van Duyn case to be a fair and equitable one, and within the knowledge of the legislature in adding the existing notice-serving provisions. Accordingly, we hold it applicable to RCW 28.67.070.
We do not conceive, however, the Van Duyn rule to be so broad as to permit the intended recipient of certified or registered mail to ignore customary and established methods of postal notification and delivery of such mail. While the reasonable time necessary for transmission and receipt of a registered or certified letter may vary somewhat, dependent upon the circumstances, it cannot be deemed to comprehend utter disregard of a notice or notices of the arrival of such a letter. The applicable principle, under such circumstances, would appear to be well stated in R.H. Sterns Co. v. United States, 291 U.S. 54, 61, 78 L.Ed. 647, 54 S.Ct. 325 (1934), as follows:
*484 "The applicable principle is fundamental and unquestioned. `He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned, for the law says to him in effect "this is your own act, and therefore you are not damnified."' Dolan v. Rodgers, 149 N.Y. 489, 491; 44 N.E. 167; and Imperator Realty Co. v. Tull, 228 N.Y. 447, 457; 127 N.E. 263; quoting West v. Blakeway, 2 Man. & G. 828, 839. Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. Imperator Realty Co. v. Tull, supra. A suit may not be built on an omission induced by him who sues. Swain v. Seamens, 9 Wall. 254, 274; United States v. Peck, 102 U.S. 64; Thomson v. Poor, 147 N.Y. 402; 42 N.E. 13; New Zealand Shipping Co. v. Societe des Ateliers, [1919] A.C. 1, 6; Williston, Contracts, Vol. 2, §§ 689, 692."
[2] In the instant case, it is undisputed that appellant was not bedfast; that she received her regular mail and at least one notice of the arrival of certified or registered mail; that she was aware of the principal's recommendation relating to nonrenewal of her contract; and that, as a teacher with several years' experience, she had reason to know, or should have known, of the notice provisions relating to nonrenewal of teacher contracts. It is likewise clear that each of the two letters addressed to appellant was delivered to her home address, and a notice of arrival left, on the day following posting.
Under the circumstances, we conclude that a period of 4 days following posting constitutes a reasonable time for transmission and receipt of the letters. Notification of the proposed nonrenewal was, accordingly, complete by April 15th at the latest.
The second question posed by appellant's challenge to the judgment of the trial court is whether the notice or notices of proposed nonrenewal stated sufficient cause for nonrenewal.
We are satisfied sufficient cause was stated.
*485 [3] It is clear that, commencing with Mr. Dimmitt's letter of June 5, 1961, the communications, conferences, and discussions between appellant, Mr. Dimmitt, and the personnel director basically revolved about the issues of classroom planning, control and discipline, appellant's efficiency in those areas, and parental complaints. Although appellant denies fault, inefficiency, and undue parental complaints, she admits that the reasons given by the principal for his recommendation of nonrenewal were communicated to her. The certified and registered letters each made reference to the position taken by the principal and appellant's lack of conformity therewith. The issues in controversy were thus rather clearly drawn.
It can hardly be gainsaid that classroom organization, control and discipline are vital to the success of any teaching program. At the very least, teacher failure in this area would constitute sufficient cause for nonrenewal of such teacher's contract. Cf. State ex rel. Mary M. Knight School Dist. v. Wanamaker, 46 Wn. (2d) 341, 281 P. (2d) 846 (1955); State ex rel. Bohanon v. Wanamaker, supra.
The third issue raised by the trial court's judgment of dismissal is whether appellant made timely request for a hearing before the school board.
[4] As we have heretofore indicated, the statutory notification to appellant of the proposed nonrenewal was complete by April 15th. The requirements of RCW 28.67.070 in this respect had been fully complied with. Appellant had 10 days within which to file a written request for a hearing before the school board following actual or constructive receipt of the notice. She did not do so. Failing in this, the ultimate decision of the school board not to renew the contract became final and conclusive. State ex rel. Bohanon v. Wanamaker, supra. There remained nothing for the superior court to review, except the statutory sufficiency of the notice of nonrenewal.
The judgment of dismissal is affirmed.
OTT, C.J., DONWORTH, FINLEY, and WEAVER, JJ., concur.
February 16, 1965. Petition for rehearing denied.
NOTES
[*] Reported in 398 P. (2d) 1.
[1] "Any teacher, principal, supervisor or superintendent desiring to appeal from any action or failure to act upon the part of a school board relating to the discharge, or failure to renew that employee's contract for the next ensuing term, may, within thirty days after his receipt of such decision or order serve upon the clerk of the school board and file with the clerk of the superior court in the county in which the school district is located a notice of appeal which shall also set forth in a clear and concise manner the errors complained of." RCW 28.58.460.
[2] RCW 28.58.100(1); State ex rel. Mary M. Knight School Dist. v. Wanamaker, 46 Wn. (2d) 341, 281 P. (2d) 846 (1955).