Mr. Justice Sutton
Dissenting:
I dissent because I believe the general rule on the giving and receipt of notice is other than as enunciated by the majority opinion.
The statute involved in this controversy is C.R.S. 1963, 123-18-8 (formerly C.R.S. ’53, 123-18-8) which reads:
“Automatic re-employment. — Any teacher in the public schools employed on a full-time basis but not under continuous tenure shall be deemed re-employed for the succeeding year at the same salary unless the employing board of education shall cause notice in writing to he given said teacher on or before the 15th day of April of the term of school in which the teacher is employed, and such teacher shall be presumed to have accepted such employment unless he shall notify the employing board of education in writing to the contrary on or before said 15th day of April.” (Emphasis added.)
As the majority opinion correctly observes, the mode of delivering the notice to the teacher is not set out in the act and the legislature evidently did not intend any particular method. This does not mean, however, that the Board could select a delivery method that in fact did not give the required notice on or before April *132 15th. This is especially so where the Board had at its disposal an assured way of delivery by merely handing the employee the notice at his place of employment some time before the crucial date. Clearly it is the employer who has the affirmative duty under this statute.
In my view, the statutory wording “shall cause notice in writing to be given said teacher” implies that there will be an actual receipt of notice by the teacher. I am supported in this position by the teacher dismissal case of School District No. 6 of Pima County v. Barber, 85 Ariz. 95, 332 P.2d 496 (1958) where the Arizona Supreme Court held that such a statute gives a teacher a “personal right which must be strictly followed.” There the court stated:
“* * * We also said in Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659, that where a statute does not specify the manner in which a notice is to be given, ‘personal notice’ is required. Assuming but not deciding that ‘personal notice’ permits service by mail, the appellant is still faced with the insurmountable hurdle of the c.ear language of the statute that appellees were to be given notice on or before March 15, 1957.
“The rule has been laid down that in the absence of custom, statute or express contract, a notice sought to be served by mail is not effective until it comes into the hands of the one sought to be served.” (Citing cases.) And, this general rule has also been followed in non-school cases. E.g., Johnson v. Barreiro, 59 Cal. App.2d 213, 138 P.2d 746 (1943); Regan v. Atlantic Refining Co., 304 Mass. 353, 23 N.E.2d 869 (1939). The rule is also set forth in 39 Am. Jur., Notice and Notices § 9 where it is stated:
“Where a statute requires notice to be given, it is the general rule of law that actual personal notice is required, and the notice must be personally served on the person to be notified.” (Emphasis added.)
In the same chapter at § 28 it is further stated:
“Mailing of notice to a person at his known address *133 within the state may be authorized as a mode of service, but in the absence of a statute authorizing the service of a notice by mail, a notice so served is ineffective unless it is received.” (Emphasis added.)
To the same effect is 66 C.J.S., Notice § 18(c) where it is said:
“* * * In the absence of statute providing otherwise, notice, and particularly notice to one at a specified place, is not given until it is received by the person to be notified, at the place specified. * *
Although the general ru]e is that a letter properly addressed with prepaid postage attached thereto and deposited in the mails is presumed to have been received in the ordinary course of mail dehvery, such is a rebutíale presumption. Szczesny v. Vasquez, 71 N.J. Super. 347, 177 A.2d 47 (1962); 39 Am. Jur., supra § 28. The only evidence in the record of this case is that Led-better did not in fact receive the notice until after April 15th thus this presumptive rule cannot apply here. For example, sending mail on the final day set by a statute for notice to be given is not sufficient. Barber, supra; Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 56 A.2d 519 (1947). “Generally speaking, substituted and constructive notices are not favored in law and are countenanced only as a matter of necessity or extreme expediency.” Johnson, supra; 66 C.J.S., supra § 18(c). No such grounds for waiving that rule appear here where a right was already vested in Ledbetter.
The majority decision states that it follows the reasoning set forth in Robel v. Highline Public Schools, District No. 401, King County, 65 Wash.2d 477, 398 P.2d 1 (1965), which cited Ford v. Genereux, 104 Colo. 17, 87 P.2d 749 (1939). My reading of those cases indicates they should not be persuasive here. In Robel the statute expressly required the notice to be sent by certified or registered mail or to be served personally. The pertinent issue determined there was only that the notice, which was mailed to the actual home address of the teacher *134 seventeen days before it was due and when someone was at her home while she was on sick leave, was deemed- legally delivered. Rob el went on to hold that if registered mail is used to transmit the notice, then it is riot effective until a reasonable time has elapsed for transmission and receipt of the notice. This would seem to be only a modification or limitation on the rule that notice is not effective until received. Ford is clearly distinguishable from the instant case, for it involved statutory notice given in connection with a tax sale under a statute which provided both for personal service and service by registered mail with the latter being the method in fact used. There the correctness of the post office address was not in question. Also, the evidence in Ford was that the addressee had received the notice on April 27, 1937, long before the issuance of the tax deed on July 24, 1937. Since the addressee did in fact receive notice before the crucial date the additional comment in Ford as to when service was complete on deposit in the mails is dicta even though it sets forth reasons for so holding. In addition, such dicta is contrary to the general rule, cited above, that there must be a reasonable time allowed for the receipt of mail — thus it should be overruled.
In the instant case we have an entirely different situation than in Robel or Ford, supra. Here it was expressly stipulated in writing that Ledbetter, when first employed, lived at 1011 Milky Way Drive in Colorado Springs, that “he moved for a short period of time to 2624 Waldean,” and “that on or about March 30, 1963 Plaintiff moved from said address to 1114 Milky Way Drive * * * and further that Plaintiff notified the office of the Principal of the school in which he was teaching of these changes of address.” In spite of the knowledge of its agent, the Board, on April 11, 1963 (a teaching school day when plaintiff was admittedly present at the school), “* * * directed a letter to Plaintiff at 2624 Waldean * * *.” It was further stipulated “That there *135 was no school in session on Friday, April 12, 1963 * * *” and “That on Friday, April 12, 1963 and on Saturday, April 13, 1963, Plaintiff and his wife were out of town visiting various friends. * * *. That Plaintiff was ill Sunday, April 14, 1963, and Monday, April 15, 1963; that no school sessions were held on April 15, 1963, because of spring vacation.”
In spite of the fully justifiable absence of this plaintiff on April 12th and 13th, and with the 14th and 15th being school holidays, nevertheless, the majority, ignoring the general rule that a mailed notice under such a statute is only valid when received, holds, as a matter of law, that plaintiff received his termination notice on or before April 15th even though in addition it was admittedly mailed to him at a wrong address. Such a construction of this statute seems to me to be the most obvious type of judicial iegis'lation. If the legislature had desired to achieve such a result it had the opportunity, as it has done in other statutes, to have added a proviso permitting or requiring service by mail, in which case the rule now applied by the majority would be proper indeed.
By its holding, the majority says in effect that if a person does not wait at home to see whether he wiU receive a statutory notice (which the general rule states is not valid until received) that, nevertheless, he is in law presumed to have received it if it is mailed at any time before the required deadline. To me this is a dangerous concept unfounded in law or reason and in the instant case is inequitable as well. There is no legal reason why this plaintiff had to wait around to see if he was to be served and discharged. My position is that, under a statute such as this, when the employer or other person charged with the duty of giving a notice elects to serve by mail when the law does not so specify, his conduct falls under the general rule that his notice is not good until received. To hold otherwise deprives this plaintiff of his express statutory right to permanent *136 tenure and improperly shifts a burden to him which belongs to his employer.