**6S CORPORATION, d/b/a Butler's Basic Lumber and Hardware, Plaintiff–Appellant and Cross–Appellee,**

v.

**Joseph L. MARTINEZ and Yolanda M. Martinez, Defendant–Appellee and Cross–Appellant.**

**No. 91CA0560.**

Colorado Court of Appeals, Div. II.

April 23, 1992.

Richard W. Adamson, Montrose, for plaintiff-appellant and cross-appellee.

Ranous & Barton, P.C., Karl Ranous, Patrick & Barton, P.C., J. Steven Patrick, Gunnison, for defendant-appellee and cross-appellant.

Opinion by Judge SMITH.

Plaintiff, 6S Corporation, doing business as Butler's Basic Lumber and Hardware, (Butler) appeals the trial court's dismissal of its mechanics' lien claim against defendants, Joseph and Yolanda Martinez. We reverse.

Butler allegedly supplied $9,694 worth of building materials and goods to defendants in conjunction with the construction of their mountain home. Failing to receive payment for these supplies, Butler sent defendants notice by certified mail, return receipt requested, that it intended to file a lien against their property. The notice was addressed and delivered to the defendants' residence in California where receipt was refused by a third party who happened to be present in the home.

Approximately two weeks later, Butler recorded its statement of lien, accompanied by an affidavit, as required by statute, averring that the notice of intention to file a mechanic's lien had been mailed to defendants' home address by certified mail.

At a conference prior to trial on foreclosure of the lien, however, the trial court dismissed Butler's claim, concluding that Butler had failed to comply with the requirements of § 38–22–109(3), C.R.S. (1982 Repl.Vol. 16A).

That statute provides, *inter alia:*

In order to preserve any lien for work performed or materials furnished, there must be a notice of intent to file a lien statement served upon the owner ... of the property ... at least ten days before the time of filing the statement with the county clerk and recorder. Such notice of intent shall be served by personal service or by registered or certified mail, return receipt requested, addressed to the last known address of such persons, and an affidavit of such service or mailing at least ten days before filing of the lien statement with the county clerk and recorder shall be filed for record with said statement and shall constitute proof of such service.

The trial court acknowledged that Butler had, indeed, served defendants with notice in the manner prescribed by the statute. However, citing *School District RE–11J v. Norwood,* 644 P.2d 13 (Colo.1982), the trial court stated that, as a general rule, statutorily required notice must be received to be effective. And, inasmuch as the evidence here was to the contrary, Butler's claim could not proceed to trial.

Butler's primary contention on appeal is that the trial court's analysis was in error. Specifically, Butler argues, § 38–22–109(3) does not contemplate that notice be "received" to be effective. We agree.

Our primary task when interpreting a statute is to ascertain and give effect to the intent of the General Assembly. *People v. District Court,* 713 P.2d 918 (Colo. 1986). To complete this task, we turn first

to the statute's plain language. If that language is clear and the General Assembly's intent may be discerned with reasonable certainty, we need look no further. *McKinney v. Kautzky,* 801 P.2d 508 (Colo. 1990).

Here, we conclude that the plain language of § 38–22–109(3) conclusively supports Butler's contention. In short, the statute expressly authorizes service of notice by alternative means, in person or by mail. Service by mail is further defined to be "registered or certified mail, return receipt requested," addressed to the owner's last known address. Moreover, in conformity with these express alternatives, the statute provides that either an affidavit of service *or* mailing "shall constitute proof of such service."

The precise and internally consistent language employed by the General Assembly in § 38–22–109(3) supports but one interpretation, that is, under this particular notice statute, service is effected when the notice is delivered in person or, alternatively, when notice is properly addressed, registered or certified, and *mailed. See generally Ford v. Genereux,* 104 Colo. 17, 87 P.2d 749 (1939).

It is undisputed here that Butler properly addressed, certified, and mailed a letter to defendants which indicated its intent to file a lien statement. Butler, thus, complied with the requirements of § 38–22–109(3), and the trial court erred in concluding otherwise.

This conclusion is not contrary to case law. In *Norwood, supra,* upon which the trial court relied, our Supreme Court recognized that a statute may specifically authorize service by registered or certified mail which, generally, will be held to be effective on the date of mailing. The statute in *Norwood,* however, was not of such type, and thus, the implied requirement that notice must be received to be effective was necessary to eliminate uncertainty and controversy.

In contrast, the statute here clearly and unambiguously specifies how notice shall be given and goes even further to identify the evidence which will prove that the statutory requirements have been met. Indeed, adding the implied requirement of actual receipt to this statutory scheme would likely have the paradoxical effect of *creating* uncertainty and controversy, if not rendering meaningless the alternative to personal service which the statute expressly authorizes.

Accordingly, the judgment dismissing Butler's mechanics' lien claim is reversed, and the cause is remanded to the trial court with directions to reinstate the claim and set the matter for trial.

HUME and NEY, JJ., concur.